In the Matter of the Transfer Tax upon the Estate of
ELIZABETH B. WHITE, Deceased.
THE COMPTROLLER OF THE STATE OF NEW YORK, Appel-
lant; CARL H. SMITH, as Administrator with the Will
Annexed, Respondent.

Tax — power of legislature to impose transfer tax — transfer
tax upon life estates — time and method of determining and fix-
ing such tax.

1. The power of taxation is vested in the legislature as a part of
the more general power of making laws, and, except as restrained
by the Federal Constitution, its exercise for public purposes is
unlimited. The authority under which a tax is collected and the
method of its collection lie in the discretion of and must be pre-
scribed by the legislature.

2. A transfer tax upon a life estate is imposed, as provided by the
Tax Law (Cons. Laws, ch. 60), upon the transfer of and not upon
the property. It is a tax upon the method by which the interest of
the life beneficiary in the estate of the testatrix is transferred to
and acquired by the beneficiary. It is in the nature of an excise
tax on the right to and method of transfer.

3. Under the statute (Tax Law, §§ 220, 221, 221a) the true test by
which a tax upon the transfer of property is to be measured is the
value of the interest or estate transferred at the time of the trans-
fer thereof. Where the estate in question is a trust fund, the
income of which is to be paid to the beneficiary during his life, the
interest of the beneficiary accrued on the death of the testatrix and
its value at that time is the sum to which the rate per centum fixed
by the statute should be applied. Under section 222 the tax then
became due and payable, and the amount thereof must be deter-
mined as prescribed in section 230, upon the conditions then
existing.

*Matter of White*, 149 App. Div. 428, reversed.

(Argued February 27, 1913; decided April 1, 1913.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
March 6, 1912, which reversed a decree of the Erie
County Surrogate's Court fixing a transfer tax upon the

estate of Elizabeth B. White, deceased, and remitted the matter to said Surrogate's Court to proceed in accordance with its decision.

The facts, so far as material, are stated in the opinion.

*Edward N. Mills* for appellant. The transfer tax is not a tax upon property but upon the right of succession to property. (*Knowlton* v. *Moore,* 178 N. Y. 855; *Matter of Dows,* 167 N. Y. 231.) The transfer tax upon the life estate of Morgan is based on the value of his right to succession not upon the value of property which later came into his actual possession. (*Matter of Westurn,* 152 N. Y. 102; *Matter of Sloan,* 154 N. Y. 109; *Matter of Vanderbilt,* 172 N. Y. 649.) The ascertainment of the value of the taxable interest and the fixing of the tax necessarily take place subsequent to the death, but the guide is the value at the time of death, when the interests were acquired. (*Benton* v. *Wickwire,* 54 N. Y. 226.)

*Carl H. Smith* for respondent. A tax should not be imposed upon something never received. (*Matter of Hall,* 36 Misc. Rep. 618; *Matter of Heller,* N. Y. L. J. Nov. 11, 1903; McElroy on Transfer Tax, 452; *Matter of Hutchinson,* 105 App. Div. 487.) The Transfer Tax Law is a statute of special taxation and must be construed as favorably to the taxed as is consistent. (*Matter of Harbeck,* 161 N. Y. 217; *Matter of Fayerweather,* 143 N. Y. 114; *Matter of Easton,* 113 N. Y. 174.) The provisions of the Tax Law require the fixing of the value of the life estate and not the probable or theoretical value. (Cons. Laws, ch. 60, §§ 230, 231.)

COLLIN, J. The last will and testament of Elizabeth B. White bequeathed the sum of $200,000 to a trustee and directed, as a term of the trust, the payment of the interest and income from the trust fund, which remained after certain expenses were paid, to Gilbert B. Morgan, the

grandson of the testatrix, during his life. The testatrix died March 2, 1908. The will was admitted to probate April 18, 1910, after a contest. Gilbert B. Morgan died November 8, 1908. Subsequent to the death of the life beneficiary and the probate of the will the proceeding to determine the transfer tax upon the estate was instituted.

Section 230 of the Tax Law (Cons. Laws, ch. 60) contains the provision: "The value of every future or limited estate, income, interest or annuity dependent upon any' life or lives in being, shall be determined by the rule, method and standard of mortality and value employed by the superintendent of insurance in ascertaining the value of policies of life insurance and annuities for the determination of liabilities of life insurance companies, except that the rate of interest for making such computation shall be five per centum per annum."

The Surrogate's Court, affirming the determination of the appraiser, made pursuant to such provision, determined the value of the interest of Gilbert B. Morgan in the estate of the testatrix, in accordance with the valuation of it by the superintendent of insurance, at $138,809.00. The Appellate Division, upon the appeal of the executor, held this erroneous and remitted the proceeding to the Surrogate's Court with the direction that it determine the value of the interest of the life beneficiary according to the actual duration of his life. The principle upon which it rested this decision, as stated in its opinion, was: " The purpose of the statute (Section 230 of the Tax Law) was to afford a method of valuing an estate or interest not capable at the time of ascertainment with exactness because of the uncertainty attendant upon the duration of an existing life. To such a case the statute clearly applies, but where there is no such uncertainty the reason for the statute rule does not exist, and, hence, the statute was not intended to apply in such a case." (*Matter of White,* 149 App. Div. 428, 431.) Upon this appeal by the comptroller from the order of the Appel-

late Division, we are to declare the correct method of valuation.

The tax in question is imposed, as provided in the statute, upon the transfer of and not upon the property. It is a tax upon the method by which the interest of the life beneficiary in the estate of the testatrix was transferred to and acquired by him. It is in the nature of an excise tax on the right to and method of transfer. (*Matter of Keeney*, 194 N. Y. 281.) The right to make a testamentary disposition of or the right to inherit property is not an inherent right; nor is it guaranteed by the fundamental law. Its exercise to any extent depends entirely upon the consent of the legislature as expressed in their enactments. It can withhold or grant the right, and if it grants it, it may make its exercise and its extent subject to such burdens and requirements as it pleases. Wherein the legislature is silent in the matter of the devolution of property, the courts cannot speak, and as it has spoken, the courts must obey and enforce.

The power of taxation is, likewise, vested in the legislature as a part of the more general power of making laws, and, except as restrained by the Federal Constitution, its exercise for public purposes is unlimited. The authority under which a tax is collected and the method of its collection lie in the discretion of and must be prescribed by the legislature. (*Gautier* v. *Ditmar*, 204 N. Y. 20.) The proper inquiry, therefore, is, what method of determining the value of the interest of the life beneficiary does the statute prescribe?

At the commencement of the proceeding to determine the tax, sections 220 and 221 of the Tax Law fixed the measure of the amount of the tax. Thereafter those sections were amended and section 221a was added. Under those sections the true test by which the tax is to be measured is the value of the interest or estate transferred at the time of the transfer thereof. (*Matter of Sloane*, 154 N. Y. 109.) The interest of the life beneficiary

accrued on the death of the testatrix and its value as of the time of that occurrence is the sum to which the rate per centum as fixed by the statute should be applied, and under the provision within section 222 the tax then became due and payable. Inasmuch as it became due and payable at the time of the transfer or at the death of the testatrix, it would seem to follow, logically and necessarily, that the amount of it should be determined upon the conditions then existing. The legislature enacted that such determination should be made through the use of the rule prescribed in and by the language of section 230 already quoted. This provision is mandatory in its language and the statute contains no other applicable or intended to apply to this case. The language is clear and its meaning certain. The court has not the power to declare that it was not intended to apply to this case and to modify the rule it states or create another. Indeed, we may well believe that the legislature, when creating it, contemplated the precise conditions here existing. They are neither strange nor beyond reasonable expectation. It is commonly known that frequently the actual imposition of the tax is delayed by protracted litigation or other causes and that the lives of life tenants may fall far short of or extend beyond the periods fixed by the mortality tables. In harmony with such knowledge and indicative that it existed is the further clause of section 230 as follows: "Where an estate for life or for years can be divested by the act or omission of the legatee or devisee it shall be taxed as if there were no possibility of such divesting."

The rule promulgated by the legislature effects certainty and uniformity which the principle adopted by the Appellate Division would tend to destroy, because classes of facts might be found to exist by an appraiser and surrogate's court, which, if permitted application, would affect the determination of the tax.

While in this case the rule works to the advantage of

the state, inasmuch as the remainder has passed to a religious corporation exempt from the tax, such manifestly is not its necessary or uniform result and it is not subject to criticism as unjust and harsh.

The order of the Appellate Division and the decree of the Surrogate's Court made thereon should be reversed and the original decree of the Surrogate's Court reinstated, with costs in both courts.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, HISCOCK, CHASE and HOGAN, JJ., concur.

Order reversed, etc.