.(Surrogate's Court, New York County.  November, 1914.  On Renewal of Application.  January 8, 1915.)

1. TAXATION (§ 893*)—INHERITANCE TAX—PROCEEDINGS—NOTICE.
    Though Tax Law (Consol. Laws, c. 60) § 230, which requires the appraiser to give notice to all persons having an interest in property to be appraised for transfer tax, makes no provision for notice of assessment by the surrogate without the appointment of an appraiser, a remainderman with a life interest in a trust fund must be given notice of the assessment of such interest for taxation by the surrogate upon the application of the comptroller after the death of the former life tenant.
    [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 893.*]

2. TAXATION (§ 893*)—INHERITANCE—PROCEEDINGS TO ASSESS—NOTICE—TIME.
    The notice of an application for the assessment of a transfer tax by the appraiser must be governed as to time by the requirements of Code Civ. Proc. § 2529, if personal service is made; otherwise, double that time must be given.
    [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 893.*]

### On Renewal of Application.

3. TAXATION (§ 893*)—INHERITANCE TAX—PROCEEDINGS—NOTICE—REMAINDERMAN.
    In proceedings to assess the transfer tax upon interest of the owner of a life estate in a trust fund, the contingent remaindermen, whose interests are not yet taxable, are not necessary parties to whom notice of the proceedings must be given.
    [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 893.*]

4. TAXATION (§ 896*)—INHERITANCE TAX—ASSESSMENT—LIFE INTEREST OF REMAINDERMAN.
    Where the interest of a former owner of a life estate in a trust fund had been assessed for inheritance tax, the value of the next life estate, which was not taxable until the death of the former owner, may be assessed on the basis of the whole trust fund, and not merely the excess over the value of the former life estate, under Tax Law, § 230, providing that estates in expectancy, which are contingent or defeasible, shall be appraised at their full undiminished value when the persons entitled thereto shall come into beneficial enjoyment or possession thereof, without diminution for any valuation theretofore made of the particular estates upon which the estates in expectancy have been limited.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1714; Dec. Dig. § 896.*]

5. CONSTITUTIONAL LAW (§ 45*)—DETERMINATION OF CONSTITUTIONAL QUESTIONS—COURTS OF FIRST INSTANCE.
    The surrogate will not consider the constitutionality of a provision of the Tax Law, under which the Court of Appeals has authorized the imposition of a tax.
    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 42; Dec. Dig. § 45.*]

Application by the State Comptroller to assess the transfer tax upon the value of the life estate of Whitewright Stuart in a trust fund created by the will of William Whitewright, deceased.  Application dismissed for failure to serve notice upon Whitewright Stuart, but renewed upon the entry of appearance by the said Whitewright Stuart, and ascertainment of the value of the estate directed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Joseph F. McCloy, of New York City, for petitioner.
Miller, King, Lane & Trafford, of New York City, for trustee.
Edwin C. Dusenbury, of New York City, for respondent.

### On Motion to Dismiss the Application.

FOWLER, S.  [1] This is an application by the state comptroller to assess a tax upon the value of the life estate of Whitewright Stuart in the remainder after the·life estate of his father in a trust fund created by the will of William Whitewright, .deceased.  The notice of motion was served upon the Union Trust Company as trustee of the fund held for the benefit of Whitewright Stuart, but no notice was served on him.  The Union Trust Company has filed an answer, in which it raises the preliminary objection that the proceeding should be dismissed because of the failure of the petitioner to serve a notice of the application upon Whitewright Stuart.  In the proceeding to assess a tax upon the estate of William Whitewright, it was determined that the remainder after the life estate of William Whitewright Stuart, the father of Whitewright Stuart, was not subject to a tax, because it could not then be definitely ascertained to whom the remainder would pass.  William Whitewright Stuart died on the 30th of March, 1914, and his son, Whitewright Stuart, then became entitled to a life estate in the remainder after the life estate of his father.  Section 230 of the Tax Law provides that the appraiser shall "give notice by mail to all persons known to have a claim or interest in the property to be appraised," but it makes no provision for notice when an application is made to the surrogate to assess a tax without the appointment of an appraiser.  It has been held, however, that when an application is made to the surrogate to declare an estate exempt from taxation the state comptroller is entitled to notice.  Matter of Collins, 104 App. Div. 185, 93 N. Y. Supp. 342.  In a proceeding to assess a transfer tax, the legatee, devisee, or distributee, upon whose interest a tax may be assessed, is entitled to notice of the application.  Matter of McPherson, 104 N. Y. 306, 10 N. E. 685, 58 Am. Rep. 502.

[2] As the statute does not prescribe the manner in which notice may be given when a motion is made before the surrogate to assess a tax, I am inclined to think that, where personal service is made upon a person either within or without the state, the requirements of section 2529 of the Code as to the number of days that must elapse between the date of service and the return day should govern.  If personal service is not made, but the notice of motion is mailed to such person, the time between the mailing of the notice and the return day should be double that required in case of personal service.

As Whitewright Stuart has not been served with notice of this application, the proceeding will be dismissed, but without prejudice to its renewal upon the petitioner giving notice to the person or persons upon whose interests a tax may be assessed.

### On Renewal of Application.

This is a renewal of an application heretofore made by the state comptroller to assess a tax upon the value of the life estate of White·

wright Stuart in the remainder after the life estate of his father in a trust fund created by the will of William Whitewright, deceased. The petition in the original proceeding was dismissed because no notice of the application had been given to Whitewright Stuart. A notice of appearance has since been filed by him, and the question may now be considered on the merits.

[3] The trustee of the trust fund, however, raises the objection that the contingent remaindermen have not received notice of the application, and that the petition should therefore be dismissed. This is a proceeding to assess a transfer tax upon the value of the interest of Whitewright Stuart, and the petitioner does not ask that a tax be assessed upon the interests of the remaindermen. Such interests are not taxable at this time. The fact that the tax assessed in this proceeding upon the interest of Whitewright Stuart may be paid out of the principal of the trust fund does not make the remaindermen necessary parties, as this is a proceeding to assess a tax and not to compel payment of the tax. In this proceeding the surrogate has no jurisdiction to determine from what fund the tax shall be paid. His jurisdiction is limited to assessing a tax upon the value of the interest of Whitewright Stuart in accordance with the provisions of the Transfer Tax Law. The contingent remaindermen, therefore, are not necessary parties to this proceeding, and are not entitled to notice.

[4] William Whitewright died on May 13, 1898, a resident of the city of New York. He gave two-twentieths of his estate to the Union Trust Company, in trust, to pay the income to his nephew, William Whitewright Stuart, during his life, and, upon his death, "to apply the income of the said share to the use of his son, Whitewright Stuart, for and during his natural life," with remainder over to the descendants of Whitewright Stuart, or, in the event of his dying without descendants, such remainder to go to the descendants of Susan W. Duncan. The appraiser appointed to appraise the estate of William Whitewright for the purpose of the transfer tax found that the value of the two-twentieths given in trust for the life of William Whitewright Stuart was $723,036.66, and that the value of his life interest was $400,740, upon which a tax was duly assessed. The appraiser also found that the value of the remainder after such life estate was $322,290.66, and he reported that this was not presently taxable, as it was not then ascertainable to whom the remainder would pass. William Whitewright Stuart, the first life tenant, died on March 31, 1914, and he was survived by his son, Whitewright Stuart, who then became entitled to the income of the trust fund. It is upon the value of this life estate that the state comptroller now seeks to impose a transfer tax.

The respondent contends that the tax should be imposed upon the value of Whitewright Stuart's life estate in the value of the remainder, as found by the appraiser in the original tax proceeding, namely, $322,-290.66; while the state comptroller contends the tax should be imposed upon the value of the life estate of Whitewright Stuart in the full value of the trust fund, namely, $723,036.66. Section 230 of the Tax Law, in effect at the date of decedent's death provided that:

"Estates in expectancy which are contingent or defeasible * * * shall be appraised at their full, undiminished value when the persons entitled thereto shall come into beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estates for the purpose of taxation, upon which said estates in expectancy may have been limited."

Under this statute it is the full, undiminished value of the trust fund that must be taken into consideration in ascertaining the value of the life estate of Whitewright Stuart, and not the value of the remainder, as found by the appraiser. The question as to whether the finding of the appraiser, under such circumstances, is res adjudicata was very fully discussed in Matter of Mason, 120 App. Div. 738, 105 N. Y. Supp. 667, affirmed 189 N. Y. 556, 82 N. E. 1129, and it was there held that such finding was not binding upon the state comptroller in a subsequent proceeding to assess a tax upon the value of the remainder interests, and that such tax should be assessed upon the full value of the fund, undiminished by the value of the particular estate.

[5] The respondent further contends that the statute, if construed so as to authorize the imposition of a tax upon the undiminished value of the fund, violates certain provisions of the Constitution of the state of New York and the Constitution of the United States. This being a court of first instance, the constitutionality of an act of the Legislature which confers jurisdiction on the court to conduct certain proceedings will be assumed; but, whatever my individual opinion may be the constitutionality of an act under which the Court of Appeals has authorized the imposition of a tax (Matter of Mason, supra) is not open to discussion in this court.

The application of the state comptroller to assess a tax upon the value of the life estate of Whitewright Stuart in $723,036.66 is granted. It is alleged in the petition that Whitewright Stuart was born on the 1st day of January, 1883, and this is not denied by either of the answers filed. The value of his life estate will be ascertained by the state superintendent of insurance, and an order may then be submitted upon notice assessing a tax upon the value of such interest, in accordance with the Tax Law in force at the date of the death of William Whitewright.