In the Matter of the Estate of ISAAC B. HOSFORD, Deceased.

Surrogate's Court, New York County, June 20, 1927.

**Taxation — transfer tax — decedent and widow executed agreement providing for cancellation of debt of $25,000 if decedent predeceased widow — item is taxable as beneficial transfer under Tax Law, § 230 — valuation of secondary life estate coming into effect on death of testator's widow, proper — contingent succeeding life estates are taxable under Tax Law, § 230, without deduction — appraiser properly fixed value of widow's life estate upon her expectancy as at date of decedent's death and not upon actual duration of her life — Laws of 1927, chap. 402, substituting in Tax Law, § 241, word " transfer " for " remainder " applies — endowment payable to each of four grandchildren at age of thirty years, should have been considered in computing value of transfer to them.**

In this transfer tax proceeding, an item representing a debt of $25,000 with interest, due to decedent from his widow under an agreement providing for the

cancellation of the debt if decedent predeceased the widow, is taxable under section 230 of the Tax Law, since the release of the debt was clearly donative in character and its extinguishment constitutes a beneficial interest which took effect at decedent's death.

Since the purpose of section 230 of the Tax Law is to fix by a temporary order the highest possible tax upon any contingent interest, whether life estate or remainder, a valuation of a secondary life estate which came into effect on the death of the testator's widow on the expectancy as of the date of the widow's death, was proper.

The only fair method of ascertaining the highest possible tax to which the surviving life estate, when it takes effect, may be subjected, is to take the expectancy of the contingent life tenant from the date of the appraisal, rather than from the date of the death of the decedent.

In taxing contingent succeeding life estates, section 230 of the Tax Law requires the taxation of such contingent interests without deduction for or on account of any intervening estate or interest.

Since the widow survived testator for a period of six months, the appraiser properly fixed the value of her life estate upon her expectancy as at the date of decedent's death and not upon the actual duration of her life.

Chapter 402 of the Laws of 1927, which substituted in section 241 of the Tax Law the word " transfer " for the word " remainder," thereby permitting the deposit of securities with the proper State officer to cover the temporary tax, applies to this estate; the amendment was purely procedural and imposed no new tax.

The endowment payable to each of four grandchildren at the age of thirty years under the terms of the will should have been considered in computing the value of the transfers to them.

CROSS-APPEALS from order fixing transfer tax.

*White & Case* [*Joseph F. McCloy* and *Thomas A. S. Beattie* of counsel], for the executors.

*Charles A. Curtin* [*Seth T. Cole* of counsel], for the State Tax Commission.

FOLEY, S.   These are cross-appeals by the State Tax Commission and the executors and trustees of the estate from the order fixing the transfer tax in this estate.   The decedent died December 29, 1925.

The appeal of the executors and trustees will be considered first.   The first ground of appeal is overruled.   I hold that the appraiser correctly reported the item, " Cancellation of debt plus interest, $36,866.65," as subject to a tax against the widow of decedent.   This amount represented a debt of $25,000, with interest, due to the decedent from the widow.   The terms of the agreement made between them dated March 18, 1918, provided for the cancellation of such debt if the decedent predeceased the widow. The release of the debt due from the widow was clearly donative in character and its extinguishment constituted a beneficial transfer which took effect at the date of decedent's death.   (Tax Law,

§ 220; *Matter of Orvis,* 223 N. Y. 1; *Matter of Hirsch,* 83 Misc. 681; *Matter of Cory,* 221 N. Y. 612.)

The second ground of appeal is overruled, with the exception of the modification hereinafter referred to. The dispute here arises as to the method of fixing the temporary tax on contingent surviving life estates. Section 230 of the Tax Law (as amd. by Laws of 1925, chap. 144) clearly provides for the taxing of such contingent interests, and the contention of counsel for the estate here that contingent *remainders* only may be temporarily taxed is without foundation in the Tax Law or in the authorities. The plain purpose of the applicable sections of the Transfer Tax Law is to presently fix, by a temporary order, the highest possible tax upon any contingent interest, whether life estate or remainder. (*Matter of Parker,* 226 N. Y. 260.) In the latter case the provisions of the statute requiring what is in effect a tentative deposit of the tax, were pointed out as a protection and security to the State in the ultimate collection of its tax, and an advantage to the life tenants of the trust by the requirement which permits the deposit of securities and the payment of the income thereon to the temporary beneficiaries of the trust. (See, also, *Matter of Cole,* 235 N. Y. 48.) The only fair method of ascertaining the highest possible tax to which the surviving life estate, when it takes effect, may be subjected, is to take the expectancy of the contingent life tenant from the date of the appraisal, rather than from the date of the death of the decedent. Thereby the comparatively short period between the date of death of the decedent and the date of appraisal is eliminated from the computation of the tax because of the fact that the life tenant still survives at the later date. From the standpoint of the State the appraiser is bound to assume the possibility of the primary life tenant dying immediately after the making of his report. The contingent secondary life estate in such a case would become immediately vested in enjoyment, and the tax, when permanently fixed, would be based upon a valuation of the expectancy from that date. It is necessary, therefore, in order to protect the State, to anticipate that contingency and to meet the statutory requirement that the deposit shall be adequate to secure the tax when fixed. These surviving life estates are not capable, either under the statute, or by arithmetical computation, of absolute present valuation as of the date of decedent's death because of their contingent nature and the fact that they may never come into existence. (*Matter of Roosevelt,* 143 N. Y. 120; *Matter of Hoffman,* Id. 327.) In the present estate the primary life tenant of certain trusts — the widow of the deceased — died shortly after the testator on June

14, 1926. The appraiser based his valuation of the secondary life estate which then came into effect, on the expectancy as of the date of death of the widow. That procedure is proper under the provisions of the Tax Law, the language of the will, and the actual termination of the life estates.

The method of valuation of surviving life estates as set forth by me was adopted by Surrogate FOWLER in *Matter of Whitewright* (89 Misc. 97).

The third ground of appeal is overruled. I have already pointed out the method of valuing contingent succeeding life estates. Section 230 of the Tax Law plainly provides for the taxation of such contingent interests " without deduction for or on account of any intervening estate or interest." Each transfer must be treated separately under the system of taxation applicable at the date of the death of the decedent. The primary life estate is taxed absolutely, because it is in existence. The subsequent contingent life estates are separately, independently and temporarily taxed by assuming the happening of the contingency which will produce the highest tax to the State. The contingent remainders are likewise temporarily taxed upon this same assumption, under the recent statutory amendments, at their full undiminished value.

The fourth and fifth grounds of appeal are overruled. The widow survived the testator only for a period of six months. The appraiser properly fixed the value of the widow's life estate upon her expectancy as at the date of death of the decedent, and not upon the actual duration of her life. In *Matter of White* (208 N. Y. 64) this question was settled by the Court of Appeals, and the provision of section 230, which requires the valuation of any life estate or annuity by the rules, methods and standards of mortality employed by the Superintendent of Insurance, was held to be mandatory upon the appraiser and the surrogate in the fixation of the transfer tax. My decision in *Matter of Blumenthal* (N. Y. L. J. Dec. 31, 1925) is not applicable to the present case. There the actual duration of the life of the primary tenant (which was but a few days) was accepted by the court as the measure of valuation because of the application of section 17 of the Decedent Estate Law to the circumstances of that estate.

The sixth ground of appeal is overruled. The legality and constitutionality of the taxation of contingent remainders at their full undiminished value has recently been sustained by the Appellate Division, First Department, in *Matter of Hecht* (219 App. Div. 656); *Matter of Aronstein* (Id. ·819), and *Matter of Simonson* (Id. 656).

I specifically hold that chapter 402 of the Laws of 1927, which

substituted in section 241 the word " transfer " for the word " remainder " and thereby permitted the deposit of securities with the proper State officer to cover the temporary tax, applies to this estate. That amendment was purely procedural and imposed no new tax. It was as much for the advantage of the estate as for the State. In *Matter of De Cordova* (199 App. Div. 492) the Appellate Division in the First Department held that such a change was procedural only, and might be made to apply to an estate where the decedent died before its enactment. The amendment of 1927 clearly permits such deposits to cover the tax on contingent surviving life estates, as well as contingent remainders.

The first ground of appeal of the State Tax Commission is sustained. The endowment or installment payable to each of the four grandchildren at the age of thirty years under the terms of the will should have been considered in computing the value of the transfers to them.

The second ground of appeal is withdrawn.

If the parties can agree within twenty days from the date of this decision as to the proper amount of the tax on the transfer to the four grandchildren as the result of my sustaining the first ground of appeal of the State Tax Commission, an order modifying the order fixing the tax in accordance with this decision may be entered. If they are unable to agree within that time an order may be submitted remitting the report to the appraiser for the purpose of making such computation.