In the Matter of the Estate of FREDERICK G. POTTER, Deceased.

Surrogate's Court, New York County, July 22, 1927.

Taxation — transfer tax — method of appraisal of life estates and of remainders was proper — Laws of 1925, chap. 144, amending Tax Law, § 230, is constitutional.

The appraisal for transfer tax purposes of a life estate on the expectancy of the life tenant and not upon the actual duration of her life was proper although the life tenant died one week after the testator.

It was proper to value the surviving life estates without making deduction or allowance for the value of the primary life estates.

It was not error to assess the tax on the full undiminished value of the remainder interests without deduction or allowance for the value of the life estates both primary and surviving.

The appraiser did not, in obtaining from the Superintendent of Insurance the values of the surviving life estates, fail to follow the requirements of the Transfer Tax Law.

Chapter 144 of the Laws of 1925, amending section 230 of the Tax Law, in so far as it directs the valuation of said surviving life estates and remainders, is not unconstitutional.

APPEAL from report of transfer tax appraiser and order entered thereon.

*Harry Baer*, for the executors.

*Charles A. Curtin*, for State Tax Commission.

O'BRIEN, S. This is an appeal by the executors and trustees from the report of the transfer tax appraiser and the order entered thereon on the grounds: (1) That the value of the life estate of Eliza J. Vaughan was based on the expectancy of her life and not upon its actual duration; (2, 3 and 4) that surviving life estates have been valued without making deduction or allowance for the value of the primary life estates; (5 and 6) that the tax has been assessed on the full undiminished value of the remainder interests after the life estates and surviving life estates without deduction or allowance for the value of the said life estates and surviving life estates; (7) that the appraiser, in obtaining from the Superintendent of Insurance the values of the surviving life estates, failed to follow the requirements and directions of the Transfer Tax

Law; (8) that chapter 144 of the Laws of 1925,* in so far as it directs the valuation of the said surviving life estates and remainders, is unconstitutional.

The decedent died September 23, 1926. The first ground of appeal is denied. Eliza J. Vaughan died one week subsequent to the decedent. The appraiser properly fixed the value of her life estate upon her expectancy as at the date of death of decedent and not upon the actual duration of her life. (*Matter of White*, 208 N. Y. 64.) The appeal on the second, third and fourth grounds is denied. The method of valuation of the surviving life estates adopted by the appraiser is proper. (*Matter of Hosford*, 129 Misc. 825; *Matter of Saks*, N. Y. L. J. June 21, 1927.) The fifth and sixth grounds of appeal are denied. (*Matter of Hecht*, 219 App. Div. 656; *Matter of Simonson*, Id.; *Matter of Aronstein*, Id. 819.) The seventh ground of appeal is denied. (*Matter of Hosford, supra; Matter of Saks, supra.*) The appeal on the eighth ground is denied. (*Matter of Hecht, supra; Matter of Simonson, supra; Matter of Aronstein, supra.*)

The taxing order is affirmed.