In the Matter of the Estate of WILLIAM W. KENLY.

Surrogate's Court, New York County, February 15, 1929.

*James E. Kelly,* for the executor and trustee.

*Charles A. Curtin,* for the State Tax Commission.

O'BRIEN, S. The executor and trustee appeals from the order assessing transfer tax upon the following grounds: (1) That the

taxing order is erroneous in assessing against the trustee for the benefit of a person in the five per cent class a tax on the sum of $18,889.59 for the reason that part of the principal of the estate as well as all of the income had been paid to Howard W. Kenly, the life tenant, at the date of the appraiser's report, and that consequently the remaining principal, as of that date, was less than $18,889.59; (2) that the order is erroneous in assessing a tax on the life interest of Howard W. Kenly, valued at $15,004, inasmuch as it does not take into consideration the part of the principal of the estate received by Howard W. Kenly; that the life tenant's interest should be valued by charging him with all income and principal which he had received up to the date of appraisal and by adding thereto the value of his life interest in the fund then remaining on hand; that the expectancy of life of the life tenant should be taken from the date of appraisal and not from the date of decedent's death; (3) that the appraiser was in error when he disregarded the facts alleged in an affidavit of S. A. Brown which affidavit was annexed to the appraiser's report. (The affidavit referred to sets forth the value of the fund in the hands of the trustee as of January 26, 1928.)

The decedent died on May 12, 1926. By his will he established a trust of his entire residuary estate, the income to be paid to the testator's son, Howard W. Kenly, for life. The remainder is concededly contingent and may ultimately vest in persons taxable in the five per cent class. The testator further provided that the trustee might make such payments of principal to the son as the widow of the testator should direct.

All three grounds of the appeal are denied. The residuary estate of the testator amounted to $19,425.22. The appraiser has reported as taxable against Howard W. Kenly the present value, as certified by the State Superintendent of Insurance, of a life interest in this fund after making allowance for trustee's commissions. The value of the life estate, so certified by the Superintendent of Insurance, is $15,004. The taxing order has assessed a tax against the life tenant on this amount less the statutory exemption allowed him. The order further temporarily assesses against the trustee for the benefit of a person in the five per cent class a tax on the full undiminished value of the fund. The taxing order is proper. The interest of the life tenant accrued on the death of the testator and was properly valued as of that date. (*Matter of White*, 208 N. Y. 64.) Likewise, pursuant to section 230 of the Tax Law, the contingent remainder was properly temporarily taxed against the trustee at its full undiminished value. The fact that, during the period intervening between the date of death of the testator and the date

of appraisal, payments of principal were made to the life tenant is immaterial. The contention of the appellant that the order should fix the tax as of the date of appraisal rather than as of the date of death is erroneous. The tax is upon the transfer of the property and is due and payable as of the date of the transfer which is the date of death of the decedent. (*Matter of Penfold*, 216 N. Y. 163.)

The executor, however, may properly apply for a modification of the order in accordance with the vesting of the remainder interest.

Submit order denying this appeal and affirming the taxing order.