In the Matter of the Estate of HENRY W. FRAUENTHAL, Deceased.

Surrogate's Court, New York County, August 2, 1929.

*Charles Weishaupt,* for the executors.

*Taylor, Blanc, Capron & Marsh,* for City Bank Farmers' Trust Company.

*Dunnington, Walker & Gregg,* for the special guardian.

O'BRIEN, S. Two appeals have been taken from the report of the transfer tax appraiser and the taxing order entered thereon. Isaac G. Frauenthal, Lewis Straus and the Manufacturers' Trust Company, individually and as executors, take their appeal on the following grounds: (1) That there has been erroneously included in the value of the transfer to Clara H. Frauenthal, the decedent's widow, the proceeds of life insurance policies and other items the nature of which do not appear in the appraiser's report; (2) that the life interest of Rose Frauenthal, sister, in property passing under a deed of trust executed June 26, 1923, is not taxable or that, in any event, her interest therein should have been valued upon the actual duration of her life, as she survived the decedent by only twenty-four days, and that the tax assessed thereon is illegal; (3) that the tax on the contingent surviving life estates, which had been assessed against the trustees for the benefit of persons of the two per cent class, on the value of these life estates computed as of the date of appraisal, is erroneous and constitutes double taxation; (4) that the value of the interests of Rose Frauenthal and Carrie Frauenthal, who survived the decedent by only short periods of time, should be based upon the actual duration of their lives instead of upon their respective expectancies of life; (5) that the executors' commissions were erroneously computed upon the value of the estate at the time of the decedent's death, instead of upon the value of the estate as of the date of the appraisal, and that trustees' commissions were not allowed as deductions.

The other appeal is taken by Herman C. Frauenthal, Isidor Frauenthal, individually and as administrator of the estate of Rose Frauenthal, and Isaac G. Frauenthal, individually and as administrator of the estate of Carrie Frauenthal, on three grounds. These three grounds of appeal are identical with the second, third and fourth grounds of the appeal set forth above and need not be restated here. The decedent died on March 11, 1927. On June 26, 1923, he executed a deed of trust reserving the income to himself for life. The trust deed provided that upon the death of the

grantor the income should be paid to Rose Frauenthal for her life, with remainder over to a charitable corporation. The taxing order has assessed against Rose Frauenthal a tax on the value of her life interest in the trust fund based upon the expectancy of her life as of the date of the decedent's death. The testator by the twelfth paragraph of his will bequeathed his entire residuary estate to his executors and trustees to be divided into four equal parts, the income to be paid in quarter annual installments in the following manner: *First*, the income from one of such parts to be paid to his sister, Carrie Frauenthal, for life, and upon her death the income to be paid in equal shares to his brothers, Isaac G., Isidor and Herman C. Frauenthal, or the survivor of them, during the life of Herman C. Frauenthal. *Second*, the income from another of such parts to be paid to Isidor Frauenthal for life, and upon his death the income to be paid in equal shares to his sister, Carrie Frauenthal, and his brothers, Isaac G. and Herman C. Frauenthal, or the survivor of them, during the life of Isaac G. Frauenthal. *Third*, the income from another of such parts to be paid to Isaac G. Frauenthal for life, and upon his death the income to be paid in equal shares to Carrie, Isidor and Herman C. Frauenthal, or the survivor of them, during the life of Herman C. Frauenthal. *Fourth*, the income from the other equal part to be paid to Herman C. Frauenthal for life, and upon his death the income to be paid in equal shares to Carrie, Isaac G. and Isidor Frauenthal, or the survivor of them, during the life of Isaac G. Frauenthal. The remainders over in each instance are to an exempt corporation.

The appeal of Isaac G. Frauenthal, Lewis Straus and the Manufacturers' Trust Company will be considered first.

The first ground of this appeal is denied. Mr. Surrogate FOLEY, in his determination in the accounting proceeding herein (*Matter of Frauenthal*, N. Y. L. J. April 23, 1929; see, also, Id. June 11, 1929), has enumerated the items transferred to the decedent's widow. The proceeds of the life insurance policies should be included in the taxable transfer to the widow. (*Matter of Knoedler*, 140 N. Y. 377.) The second ground of this appeal is denied. The value of Rose Frauenthal's interest in the property passing under the deed of trust is taxable, the decedent having reserved to himself for life the income from the trust fund. (*Matter of Kountze*, 120 Misc. 289.) Nor should the value of Rose Frauenthal's life interest have been based upon the actual duration of her life instead of upon her expectancy of life. The provisions of section 230 of the Tax Law (as amd. by Laws of 1928, chap. 549), requiring the valuation of life estates to be determined by the rule, method and standard of

mortality employed by the Superintendent of Insurance in ascertaining the value of annuities for the determination of liabilities of life insurance companies, with the exception that the rate of interest shall be five per cent per annum, are mandatory upon the appraiser and the surrogate. (*Matter of White*, 208 N. Y. 64; *Matter of Hosford*, 129 Misc. 825.)

The third ground of this appeal is denied. The value of the primary life estates of Herman C., Isaac G., Isidor and Carrie Frauenthal have been properly determined, based upon the respective expectancies of life of these life tenants, and an absolute tax against them on these interests has been properly assessed by the taxing order. (*Matter of White, supra; Matter of Hosford, supra.*) The value of the contingent surviving life estates has been based on the expectancies of life of the contingent life tenants as of the date of appraisal. This is the proper method of ascertaining the highest possible tax to which the surviving life estates, when and if they take effect, may be subjected. Under the terms of the trusts created by the decedent's will there would, upon the death of a primary life tenant, immediately become vested in enjoyment one or more secondary life estates. An absolute tax on the secondary life estates would then be fixed, based upon a valuation of the expectancy of life of the secondary life tenants as of that date. (*Matter of Hosford, supra.*) The argument of the appellants, therefore, that in each of the trusts the value of the life interests should be based upon the expectancy of life of the youngest life tenant is unsound. The value of each primary life estate must be based upon the expectancy of life of the primary life tenant. The appraiser is bound to assume the immediate death of the primary life tenant and to take the expectancy of life of each contingent life tenant from the date of appraisal rather than from the date of death of the decedent. If a primary life tenant has died before the appraiser has made his report, the value of any secondary life estate which came into effect by reason of the death of the primary life tenant should be based upon the expectancy of life of the secondary life tenant as of the date of death of the primary life tenant. The temporary tax assessed on the contingent surviving life estates, at the highest possible rate, must be deposited pursuant to the Tax Law in order to secure to the State the ultimate collection of the tax which may accrue upon the secondary life estates. In the instant case no question is raised as to the value of each of the contingent surviving life estates as determined by the appraiser, the argument being that the method of valuation of the life estates is wrong and that no deposit should be retained by the State to cover a possible tax on the contingent sur-

viving life estates. This argument I have shown to be unsound. The secondary life estates are contingent and are capable of absolute valuation only upon the death of the primary life tenants. Nor does the temporary taxation of these interests at their full undiminished value constitute double taxation. (*Salomon* v. *State Tax Commission*, 278 U. S. 484; *Matter of Hosford, supra.*)

The fourth ground of appeal is denied. Rose Frauenthal survived the decedent by twenty-four days, and Carrie Frauenthal died shortly thereafter on June 12, 1927. The appraiser based his valuation of their life interests upon their respective expectancies of life as of the date of the decedent's death. This valuation is proper. (*Matter of White, supra.*)

The fifth ground of appeal is denied. The executors' commissions were properly computed upon the value of the estate as of the date of the decedent's death, and an examination of the appraiser's report shows that trustees' commissions were allowed as deductions. As the three grounds of the appeal of Herman C. Frauenthal, Isidor Frauenthal and Isaac G. Frauenthal are the same as the second, third and fourth grounds of the other appeal herein, they are disposed of in the same manner. The application of the executors for an additional deduction for debts of the decedent which have been allowed since the filing of the report cannot be considered on this appeal. (Tax Law, § 232, as amd. by Laws of 1921, chap. 476; *Matter of Fletcher*, 219 App. Div. 5; *Matter of Harkness*, 134 Misc. 203; affd., 223 App. Div. 880.) The executors may apply for this relief by motion for a modification of the taxing order. Submit order on notice modifying the taxing order in accordance with this opinion.