In the Matter of the Estate of JAMES S. METCALFE, Deceased.

Surrogate's Court, New York County, December 18, 1929.

*Baldwin, Barns & Stapleton* [*Perry A. Beck and E. E. Baldwin* of counsel], for the appellants.

*Charles Curtin*, for State Tax Commission.

O'BRIEN, S. Elizabeth T. Metcalfe, the widow of deceased, individually and as executrix, and the Bankers' Trust Company as executor, have appealed from the order fixing tax.

The decedent died May 26, 1927. Under his will his residuary estate was bequeathed in trust for the benefit of his wife during her lifetime. The transfer tax appraiser fixed the net residue at

$197,047.89. Of this amount the testator owned property of the value of $139,459.22. The remaining $57,588.67 consisted of the appraised value of certain shares of stock held in trust for Mary Mitchell during her life under the will of her husband, John Ames Mitchell, in which the decedent here had a vested remainder. Mr. Mitchell died in 1918. His wife still survives him. The order assesses a tax on the life interest of Mrs. Metcalfe in the entire residuary estate as of the date of the death of Mr. Metcalfe, although she will receive no income on the remainder interest in the Mitchell estate unless she survives Mrs. Mitchell.

The appeal must be sustained. The order assessing the tax herein should have assessed a tax on the value of Mrs. Metcalfe's life estate in the sum of $139,459.22, minus her statutory exemption. The remainder passing under the will of Mr. Metcalfe, subject to the life of Mrs. Mitchell, having been bequeathed by this decedent in trust for the life of his wife, the order should have taxed Mrs. Metcalfe's contingent life estate in the sum of $57,588.67 separately, against the trustees for the benefit of persons in the one per cent class as of the date of the appraiser's report. In other words, the tax on Mrs. Metcalfe's contingent life estate in the sum of $57,588.67 should have been fixed at its full, undiminished value. (*Matter of Hosford*, 129 Misc. 825; Tax Law, § 230, as amd. by Laws of 1928, chap. 549; *Matter of Payne*, N. Y. L. J. January 31, 1928; *Matter of Garfiel*, Id. June 8, 1929.) Taxation of Mrs. Metcalfe's life interest in the vested remainder under the will of Mr. Mitchell will not be suspended as requested, as the temporary taxable value thereof is presently ascertainable. (*Matter of Terry*, 218 N. Y. 218, 223.)

Submit order on notice remitting the report to the transfer tax appraiser for correction in accordance with this decision.