In the Matter of the Estate of ARABELLA M. BOISSEVAIN, Deceased.

Surrogate's Court, New York County, May 6, 1930.

*Compton & Delaney [Herbert C. Pentz* of counsel], for the estate.

*Charles A. Curtin*, for the State Tax Commission.

FOLEY, S. This is an appeal by the executor from the report of the appraiser and the amended order based on the report entered December 19, 1929. The ground of appeal is that in computing the net value of various life interests and annuities the appraiser erroneously failed to deduct from the present value of said interests and annuities trustees' commissions computed on the present valuation of such interests. The appeal is denied. While trustees' commissions are a proper deduction from the *principal* of the trust for the purpose of taxation (*Matter of Gihon*, 169 N. Y. 443), there is no authority for deducting trustees' commissions for receiving and paying over *income* to life tenants or annuitants. Section 230 of the Tax Law (as amd. by Laws of 1928, chap. 549) provides that the value of life estates shall be determined by the methods employed by the Superintendent of Insurance and " that the rate of interest for making such computation shall be five percentum per annum." Section 231 (as amd. by Laws of 1921, chap. 476) provides that the Superintendent of Insurance shall " determine the value of any such future or contingent estates * * * and certify the same to the surrogate or appraiser, and his certificate shall be conclusive evidence that the method of computation adopted therein is correct."

These provisions of law for the valuation of life estates are necessarily arbitrary. The legislative purpose was, no doubt, based upon the importance of presently determining, by some fair method, the value of the transfers. In *Matter of White* (208 N. Y. 64) the validity of these provisions was upheld and the Court of Appeals determined that in the fixation of the value of the life interest the computation of the Superintendent of Insurance was conclusive even though the life tenant of the trust against whose transfer the tax was imposed had died prior to the appraisal. In its reference to the rule prescribed in sections 230 and 231 the court said: " This provision is mandatory in its language and the statute contains no other applicable or intended to apply to this case. The language is clear and its meaning certain * * * The rule promulgated by the Legislature effects certainty and uniformity * * *."

In the present proceeding the arbitrary method fixed by the Legislature must be accepted by the appraiser and the surrogate in the valuation of these life interests and annuities. His method is not open to attack. The Legislature has fixed five per cent as the rate of interest. It might have provided for a greater or a lesser

rate. Presumably the allowance of commissions on income was taken into consideration by the Legislature in the fixation of that rate. In any event the burden of computation is placed upon the Superintendent of Insurance. The principal of the fund is fixed by the appraiser and certified to the Superintendent. The allowance of commissions on income is interwoven in the method of computation. If commissions were to be allowed it would involve separate computation as to their present value for it is not possible, in ascertaining the present value, to disregard the fact that these commissions accrue currently only as to income when received and when paid over or when they are fixed by a subsequent decree. Nor is it possible to reconcile the provisions of section 226 of the Tax Law, which deal with the taxation of legacies to an executor or trustee in lieu of commissions, with the mandatory provisions of sections 230 and 231 referred to above. The application of section 226 is not directly involved here since there is no bequest in lieu of commissions. The conclusion adopted here follows the rule which has received practical application without exception for over thirty years.

I hold that the certificate of the Superintendent of Insurance is conclusive upon the appraiser and the surrogate and that his valuation of the various interests must be accepted as final.

Submit order on notice in accordance with this decision.