In the Matter of the Application of CHARLES L. BAUSHER, JR., and Others, as Executors, etc., of CHARLES L. BAUSHER, Deceased, Petitioners, for a Writ of Certiorari against THOMAS M. LYNCH and Others, Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, January 14, 1931.

*Latson & Tamblyn [Almet Reed Latson and William T. Condon* of counsel], for the petitioners.

*Hamilton Ward, Attorney-General [Henry S. Manley, Assistant Attorney-General,* of counsel], for the respondents.

HILL, J. This is a review of a determination of the State Tax Commission refusing to allow a deduction from the taxable income

of the decedent's estate for the year 1927. The deduction for which credit was claimed was the amount of the transfer tax upon contingent remainders which had been fixed by a " temporary order determining the amount of said tax " under section 230 (as amd. by Laws of 1925, chap. 144)█ of the Tax Law, and paid to the State Comptroller under section 241 (as amd. by Laws of 1927, chap. 402). The portion of section 230 which applies to the levying of this tax reads, " * * * a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of said contingencies or conditions, would be possible under the provisions of this article, which tax shall be computed on the full, undiminished value of such property at the time of the transfer without deduction for or on account of any intervening estate or interest, * * *." The portion of section 241 of the Tax Law which applies to the payment thereof reads: " * * * whenever the tax on a contingent transfer has been determined at the highest rate which on the happening of any of the contingencies or conditions would be possible under the provisions of this article, it shall be payable to the Tax Commission, * * *." The remainder of the paragraph directs the deposit of the fund with the Comptroller and its investment by him for the benefit of the estate, until its final distribution between the State Treasury and the estate, when the contingent remainder is vested in possession, and the rate of tax is known and has been fixed by final order. In computing income tax, deductions from income are allowable for " taxes * * * paid or accrued within the taxable year " (Tax Law, § 360, subd. 3). The representatives of the estate say that the payment which they have made is the payment of a tax. The Tax Commission says it is not the payment of a tax, but a deposit as security for the payment of a tax which will be levied later when the intervening life estate terminates, that the present computation is tentative and that the tax is not paid for the purposes of this deduction until the final taxing order has been made and the Comptroller has distributed the fund in accordance therewith between the State Treasurer and the estate.

The Legislature defined the amount paid under the temporary taxing order as a tax, and made it immediately due and payable, " * * * and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred, and the surrogate shall enter a temporary order determining the amount of said tax in accordance with this provision. * * *" (Tax Law, § 230.) This is not a tax upon property but " is in

the nature of an excise tax on the right to and method of transfer." The property right passed to the remaindermen at the death of the testator with the right of enjoyment deferred. " * * * It became due and payable at the time of the transfer or at the death of the testatrix, * * *." (*Matter of White*, 208 N. Y. 64.)

From the passage of the first contingent transfer taxing act until the present time, the Legislature has been confronted with two difficulties. When the tax was made payable after the contingency, of which the tax officials had no notice, payment was evaded. When the tax upon the contingent estate was payable immediately following the death of the testator, the life tenant was unjustly deprived of income. Under the first act (Laws of 1885, chap. 483) the transfer to remaindermen was taxed after the termination of the intervening estate. This was not changed until 1899 (Laws of 1899, chap. 76). Under that amendment the tax was made payable at the testator's death at the highest possible rate and if upon the termination of the intervening life it developed that a lower rate was in fact applicable, the surplus with interest was paid to the remaindermen. This was obviously unfair to the life tenant, and section 241 of the Tax Law was amended (Laws of 1911, chap. 800) to provide that while the transfer should still be taxed at the highest possible rate, the State should retain and invest for the benefit of the estate so much of the tax as represented the difference between the tax at the highest rate and that which would be due if the estate passed to the remaindermen apparent at the date of the transfer. This provision was changed (Laws of 1925, chap. 144) so that the State now retains and invests the entire tax for the benefit of the estate. The law concerning the due date and the time of payment of the tax is the same as it has been at all times since 1899. *Matter of Zborowski* (213 N. Y. 109) was decided after the 1911 amendment. The opinion says (p. 112): " The Legislature could not have used plainer language to express a purpose to impose a tax on all transfers immediately upon the death of the transferror regardless of the fact that particular transfers may be of contingent estates in remainder which may not ultimately be taxable at all." And further (p. 116): " The different statutes hereinbefore referred to contain evidence of a constant effort of the Legislature to enlarge the class of transfers immediately taxable upon the death of the transferror. The question of the Legislature's power in that regard was set at rest by the decision of this court in *Matter of Vanderbilt* [172 N. Y. 69]. In one aspect it may be unjust to the life tenant to tax at once the transfer, both of the life estate and of the remainder though contingent, and it may seem unwise for the State to collect taxes

which it may have to refund with interest, but those considerations are solely for the Legislature, who are to judge whether they are more than offset by the greater certainty which the State thus has of receiving the tax ultimately its due under the statute. However unwise or unjust it may seem in a particular case like this for the State to collect the tax at the highest rate when in all probability the remainder will vest in a class taxable at the lowest rate, it is the duty of this court to give effect to the statute as it is written." The Court of Appeals was then speaking of the statute whereunder a part of the tax was segregated and invested for the benefit of the estate. The same reasoning applies now that the entire tax is so invested.

Section 222 of the Tax Law has no application to this case. It applies when the contingency is a mere possibility. Sections 230 and 241 apply when the contingency is a deferred certainty. (*Matter of Terry*, 218 N. Y. 218.) Sections 230 and 241 provide that under certain conditions the estate is given the option to file a bond for the ultimate payment of the tax or to secure its payment by the deposit of securities. The estate in this proceeding did not take advantage of such option. If a bond had been given or security deposited, of course the tax would not have been paid and the amount fixed would not be deductible. *Salomon* v. *State Tax Commission* (278 U. S. 484) and *Matter of Hecht* (219 App. Div. 656; affd., 246 N. Y. 602), cited by the respondents, each dealt with the constitutionality of these statutes under the due process clause. The language used is in reference to that issue.

This estate must be credited with this deduction when the payment was made or not at all. There will be no income belonging to the estate which will be taxable at the death of the life tenant. The income will belong to the life tenant until her death and to the remaindermen thereafter.

The determination of the State Tax Commission should be annulled, with fifty dollars costs and disbursements, and the matter remitted to them for the purpose of deducting the inheritance tax payment.

All concur.

Determination annulled, with fifty dollars costs and disbursements, and matter remitted to State Tax Commission for further action in accordance with the opinion.