ESTATE OF BENJAMIN PILLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 63023. Promulgated January 17, 1934.

*Albert Mannheimer, Esq.,* and *Louis Summers, Esq.,* for the petitioner.

*W. Frank Gibbs, Esq.,* for the respondent.

OPINION.

TRAMMELL: The petitioner contends that the amount of $10,605.63 disallowed by the respondent was paid by the deposit with the tax commission of the State of New York of the Bertal Building Corporation bonds and that under section 23 of the Revenue Act of 1928 the amount constituted an allowable deduction in determining tax-

able net income. The respondent contends that the deposit of the bonds did not constitute payment of the taxes and that the amount in controversy was not allowable.

The Revenue Act of 1928 provides:

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\*       \*       \*       \*       \*       \*       \*

(c) *Taxes generally.*—Taxes paid or accrued within the taxable year,—

\*       \*       \*       \*       \*       \*       \*

For the purpose of this subsection, estate, inheritance, legacy, and succession taxes accrue on the due date thereof, except as otherwise provided by the law of the jurisdiction imposing such taxes, and shall be allowed as a deduction only to the estate.

To a taxpayer keeping its books and filing its returns on the cash receipts and disbursements basis, as did the petitioner, taxes are deductible only in the amount actually paid during the taxable period. *Milton D. Eisner, Executor,* 9 B.T.A. 210; *Corinth State Bank,* 14 B.T.A. 1162. The petitioner therefore is entitled to the deduction of the amount in controversy only if the circumstances here presented constituted a payment.

The matter for determination resolves itself into the question of whether the deposit of corporate bonds with the tax commission by the petitioner constituted payment of the tax with respect to the contingent interests. In *Salomon v. State Tax Commission,* 278 U.S. 484, involving contingent interests similar to those here involved, the constitutionality of the New York Transfer Law imposing a transfer tax with respect to contingent interests was attacked. In sustaining the validity of the law the United States Supreme Court said in part:

The tax on the transfer of contingent remainders is not payable until the death of the life tenant; and it is measured by the value at the testator's death of the estate transferred, undiminished by the value of the intervening life estate. For the due payment of the deferred tax the executor must furnish adequate security. The amount of the security is fixed by a temporary taxing order. Laws of 1925, c 144 §§ 230 and 241.

\*       \*       \*       \*       \*       \*       \*

As the remainders are contingent, it is impossible to know before the contingency happens in whom the remainders will vest; and it may be impossible to determine until then the relationship of the beneficiaries to the testator and the portions of the estate they will respectively receive. Thus the rate of taxation will remain uncertain. For this reason the statute postpones until the contingency happens both the definitive assessment of the tax on the transfer of the contingent remainders and the payment thereof.

\*       \*       \*       \*       \*       \*       \*

The argument presented is unsound, because it ignores the fact that the tax in respect to the contingent remainders is not payable until after the death of the life tenant. The temporary taxing order, entered upon the

testator's death, is made solely to ensure that the tax so deferred will be paid when ultimately assessed. The requirement may be satisfied by depositing with the State either approved securities or cash. In either event the income collected from the security prior to the time when the tax becomes payable is accounted for to the executor; and after the tax has been paid, the securities or cash remaining on deposit will be accounted for to him. By applying the applicable rate to the full value of that which comes into enjoyment and not exacting payment of the tax until then a just result is sought. For the definitive assessment of the contingent remainder and the payment of the tax thereon are postponed to the same date.

In view of the foregoing it seems clear that the Court did not think that a deposit of corporate securities with respect to the tax constituted payment thereof, but considered it to be a method of providing security to ensure payment of the tax when it becomes payable.

The petitioner urges that under the decisions of the New York courts the deposit of securities by it constituted payment of the tax with respect to the contingent interests, and relies upon the *per curiam* opinion of the New York Court of Appeals in *Bausher* v. *Lynch*, 178 N.E. 818, affirming the decision of the New York Supreme Court in *Bausher* v. *Lynch*, 247 N.Y.S. 675. In that case the executors, instead of depositing securities of the estate to ensure the payment of the transfer tax with respect to contingent interests as determined by the temporary order of the surrogate, as they were permitted to do under the law, paid the amount so determined. In the income tax return for the estate filed under the New York income tax law they deducted as taxes paid the amount of the payment thus made. The state tax commission refused to allow the deduction as not being one coming within that portion of the New York income tax law which provides that " In computing net income there shall be allowed as deductions: * * * Taxes * * * paid or accrued within the taxable year * * *." The commission contended, among other things, that the payment did not constitute the payment of a tax, but was a deposit as security for the payment of a tax which would be levied later upon the termination of a particular life estate. In holding the amount to be deductible the New York Supreme Court said:

Sections 230 and 241 provide that, under certain conditions, the estate is given the option to file a bond for the ultimate payment of the tax or to secure its payment by the deposit of securities. The estate in this proceeding did not take advantage of such option. *If a bond had been given or security deposited, of course the tax would not have been paid and the amount fixed would not be deductible.* Salomon v. State Tax Commission of New York, 278 U.S. 484, 49 S.Ct. 192, 73 L.Ed. 464 and *Matter of Hecht's Estate,* 219 App. Div. 656, 220 N.Y.S. 325, affirmed 246 N.Y. 602, 159 N.E. 668, * * *

This estate must be credited with this deduction when the payment was made or not at all. There will be no income belonging to the estate which will

be taxable at the death of the life tenant. The income will belong to the life tenant until her death and to the remainderman thereafter. The determination of the state tax commission should be annulled, * * * and the matter remitted to them for the purpose of deducting the inheritance tax payment. [Italics supplied.]

We do not think the decision supports the petitioner's contention. The court has clearly indicated that deposit of security was not payment of the tax and that the amount thereof was not deductible for the purpose of determining net income under the New York income tax law.

In view of the holdings of the United States Supreme Court and the courts of New York set forth above relative to the deposit of securities in connection with the transfer tax involving contingent interests, we do not believe it can be said that the deposit of the securities here in controversy constituted the payment of the tax. The tax not having been paid during the taxable period, the amount thereof is not an allowable deduction in computing the net income of the petitioner, which keeps its books and files its returns on the cash receipts and disbursements basis.

*Judgment will be entered for the respondent.*