In the Matter of the Transfer Tax upon the Estate of MARTHA
        MARSHALL WYSONG, Deceased.

MARSHALL R. KERNOCHAN, Executor, etc., of MARTHA MAR-
    SHALL WYSONG, Deceased, Appellant; STATE TAX COMMISSION,
    Respondent.*

First Department, April 27, 1928.

**Taxation — transfer tax — will devised one-half of residue in trust for
benefit of nephew for life with remainder to his lawful issue then living,
per stirpes, and in absence of issue, to church — testatrix left her
surviving her sister, her only heir at law and next of kin — nephew is
son of sister — at time of assessment nephew had one child — court
properly taxed remainder at full undiminished value, under Tax Law,
§§ 230, 241.**

The will of the testatrix devised one-half of her residuary estate to her sister
absolutely and the other half in trust for the benefit of her nephew, a son of
said sister, for life, with remainder over to the lawful issue of the nephew living
at the time of his death, *per stirpes*, and in case no issue should be living at the
time of the death of the nephew, then the remainder was to go to a church.
The sister of the testatrix, her only heir at law and next of kin, survived her.
At the time of the death of the testatrix, her nephew, the beneficiary of one-half
of the residuary estate, survived, and had one child living.  One-half of the
residuary estate left in trust amounted to $2,158,557.66, and the appraiser
fixed the value of the life estate at $1,401,437, and the value of the remainder
at $2,158,557.66.  The tax assessed against the remainder was, therefore, at
its full undiminished value.

The assessment of the remainder at its full undiminished value is authorized by
sections 230 and 241 of the Tax Law (as amd. by Laws of 1925, chap. 144), and
the assessment was directly authorized by section 230, which provides that when
property is transferred in trust and the rights, interest or estate of the transferees
are dependent upon contingencies or conditions whereby they may be wholly or
in part created, defeated, extended or abridged, the tax shall be imposed upon
the transfer at the highest rate which on the happening of any such contingen-
cies or conditions would be possible under the provisions of the transfer tax
article of the Tax Law, and that such tax is to be computed on the full undi-
minished value of such property at the time of the transfer without deduction
for or on account of any intervening estate or interest.  Under the terms of
the will, the estate of the remainderman, the son of the beneficiary, may be
defeated by his death prior to the death of his father, or it may be abridged
by the birth of brothers or sisters who would share in the remainder.

The claim by the executor that the State will lose interest on the tax is without
any force whatever, in view of the fact that the State gets no interest under
the statute, which provides that the interest on securities deposited for the
protection of the tax shall be paid to the executor for the benefit of the life tenant
until the passing of the remainder.

The will directed that all transfer taxes should be paid from the residuary estate.
The claim that the amount of the tax has been taken from the share of the

---

* Affg. 130 Misc. 298; affd., 248 N. Y. 595.

sister of the testatrix, to whom was devised absolutely one-half of the residuary estate, has no force, for she can lose nothing that she never had. Under the terms of the will she takes no part of the residuary estate until the transfer taxes are fully paid.

McAvoy and FINCH, JJ., dissent, with memorandum.

APPEAL by Marshall R. Kernochan from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 1st day of August, 1927, affirming a *pro forma* order theretofore made and entered on the 19th day of November, 1926, fixing and assessing a tax upon the transfers of the property of said decedent.

*Henry F. Miller*, for the appellant.

*A. Welles Stump* of counsel [*Charles A. Curtin*, attorney], for the respondent.

MERRELL, J. The report of the transfer tax appraiser appraised the total in amount of the taxable property of said estate at $4,572,649.44. No question is raised as to the valuation of any of the items of said estate nor of the total amount of said estate which is taxable. The appeal to the surrogate was based upon the taxation of one-half of the remainder interest in the residuary estate of said testatrix after the termination of a life estate at its full undiminished value, and the appeal to this court presents the same question. The executor claimed in his appeal to the surrogate that chapter 144 of the Laws of 1925, under which the tax in question was assessed, violated the provisions of the State and Federal Constitutions and was inapplicable to the case at bar. The order appealed from affirmed the *pro forma* order which taxed the life estate in one-half of said residuary at $108,864.96, and on the remainder interest at $169,434.61.

Martha Marshall Wysong died March 29, 1925, leaving a last will and testament, which was duly admitted to probate in the Surrogate's Court of New York county. The 14th paragraph of said will, subdivision (b), contains the provision presenting the question to be decided upon this appeal, and provides as follows: " (b) In case both my said sister and my said nephew survive me, I give, devise and bequeath one-half of my said residuary estate to my said sister Louise M. Pollock, absolutely, and I give, devise and bequeath the other one-half of my said residuary estate to my trustees hereinbefore named, upon trust, to hold the same during the life of my nephew, Marshall R. Kernochan, and to keep the same invested, and to pay the net income arising therefrom to my said nephew, during his life, and upon his death to pay the principal sum as then constituted, to his lawful issue then living in equal shares, *per stirpes* and not *per capita,* and if there be no such

issue of my nephew living at the time of his death, I give the same to the Cathedral Church of St. John the Divine in the City and Diocese of New York, as a memorial to my great grandfather, John Rutgers Marshall, my grandfather, William Harmanus Marshall and my father, John Rutgers Marshall."

The testatrix, a widow, left her surviving as her only heir at law and next of kin her sister, Louise M. Pollock. Marshall R. Kernochan was a son of Louise M. Pollock and also survived the testatrix. Kernochan is the life beneficiary of the trust set up in the above-quoted clause. At the time of the assessment of the tax herein he had one child, John Marshall Kernochan, who was born August 3, 1919. According to the appraiser's report, one-half of the residuary estate left in trust amounted to $2,158,557.66, and the appraiser fixed the value of the life estate of Marshall R. Kernochan at $1,401,437, and the value of the remainder at $2,158,557.66. The Cathedral Church of St. John the Divine in the city and diocese of New York, to which, upon the contingency of the death of Marshall R. Kernochan without leaving issue, is given said remainder, is exempt from tax.

It is the contention of the executor upon this appeal that the provisions of the Transfer Tax Law, as amended by chapter 144 of the Laws of 1925, directing that contingent remainders shall be taxed at the full undiminished value, does not apply to the situation presented. I think the surrogate correctly held that the remainder of the life estate of Marshall R. Kernochan should be taxed at its full undiminished value. I am unable to see any reason why the provisions of sections 230 and 241 of the Tax Law (as amd. *supra*),* relating to taxable transfers, which was in existence at the time of the death of the testatrix, is not directly applicable to the facts here presented. Section 230 provides as follows:

" § 230. * * * When property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, which tax shall be computed on the full, undiminished value of such property at the time of the transfer without deduction for or on account of any intervening estate or interest, and such tax so imposed shall be due and payable forthwith by the executors or trustees out of the property transferred, and the surrogate shall enter a temporary order determining the amount of said tax in accordance with this

---

* Since amd. by Laws of 1928, chap. 549, and Laws of 1927, chap. 402.— [REP.

provision; provided, however, that on the happening of any contingency whereby the said property, or any part thereof, is transferred to a person or corporation exempt from taxation under the provisions of this article, or to any person taxable at a rate less than the rate imposed and paid, such person or corporation shall be entitled to a return of so much of the tax imposed and paid as is the difference between the amount paid and the amount which said person or corporation should pay under the provisions of this article, computed upon the full, undiminished value of the property as aforesaid; and the executor or trustee of each estate, or the legal representative having charge of the trust fund, shall immediately upon the happening of said contingencies or conditions apply to the surrogate of the proper county, upon a verified petition setting forth all the facts, and giving at least ten days' notice by mail to all interested persons or corporations, for an order modifying the temporary taxing order of said surrogate so as to provide for the final assessment and determination of the tax in accordance with the ultimate transfer or devolution of said property. If application for modification of the temporary taxing order is not made within six months after the happening of any contingency or condition the tax as finally fixed and determined shall bear interest at the rate of six per centum per annum from the date when such contingency or condition happened to the date of the entry of the modifying order, which interest shall be in addition to the interest imposed by section two hundred and twenty-three of this article for non-payment of the tax at the highest possible rate within eighteen months from the date of the transfer. Whenever a tax on a transfer dependent on a contingency or condition has been determined at the highest rate in the manner prescribed by the foregoing provisions and the personal property included in the transfer is less than the amount of said tax, the executors or trustees, in lieu of paying the amount so determined, may elect to file in the office of the Tax Commission a bond to the People of the State, approved as to form and amount by the Tax Commission, for the purpose of securing the payment of the tax on such transfer. The Tax Commission at any time may increase or decrease the amount of such bond as conditions may require. * * *."

Section 241 provides as follows:

" § 241. * * * Whenever the tax on a contingent remainder has been determined at the highest rate which on the happening of any of said contingencies or conditions would be possible under the provisions of this article, the Tax Commission, in the counties wherein this tax is payable direct to it, and in all other counties the treasurer of said counties, respectively, when such tax is paid

shall retain and hold to the credit of said estate the tax assessed upon such contingent remainders, and the Tax Commission or the county treasurer shall deposit the amount of tax so retained in some solvent trust company or trust companies or savings banks in this State designated by the State Comptroller, to the credit of the State Comptroller on account of such estate, paying the interest thereon when collected by him to the executor or trustee of said estate, to be applied by said executor or trustee as provided by the decedent's will. Upon the happening of the contingencies or conditions whereby the remainder ultimately vests in possession, if the remainder then passes to persons taxable at the highest rate, the State Comptroller on the certificate of the Tax Commission, shall turn over the amount so retained to the State Treasurer as provided herein and by section two hundred and forty of this chapter, or if the remainder ultimately vests in persons taxable at a lower rate or a person or corporation exempt from taxation by the provisions of this article, the State Comptroller on the certificate of the Tax Commission shall refund any excess of tax so held to the executor or trustee of the estate, to be disposed of by said executor or trustee as provided by the decedent's will. Executors or trustees of any estate may elect to assign to and deposit with the Tax Commission or the county treasurer, bonds or other securities of the estate approved by the Tax Commission, both as to the form of the collateral and the amount thereof, for the purpose of securing the payment of the tax on said remainder, which said bonds or other securities shall be held by the Tax Commission, or the county treasurer to the credit of said estate until the actual vesting of said remainders, the income therefrom when received by the Tax Commission or the county treasurer to be paid over to the executor or trustee during the continuance of the trust estates.

" If any executor or trustee shall have deposited with the Tax Commission or the county treasurer, cash or securities, or both cash and securities, to an amount in excess of the sum necessary to pay the transfer tax upon such contingent remainders, the excess of tax so deposited shall be returned to the executor or trustee, or if any executor or trustee shall have deposited with the Tax Commission, or the county treasurer, cash or securities, or both cash and securities, to an amount less than is sufficient to pay the tax upon such contingent remainders as finally assessed and determined, the executor or trustee of said estate shall forthwith, upon the entry of the order determining the correct amount of tax due, pay to the Tax Commission, or the county treasurer, whichever is entitled under the provisions of this article to receive the tax, the balance due on account of said tax. In case securities

shall have been deposited and the tax upon such contingent remainders as finally assessed and determined shall be paid, the executor or trustee shall be entitled to the return of such securities; but if the tax is not paid within sixty days after the entry of the order finally assessing and determining the tax, the Tax Commission may sell the securities so deposited in the open market or at public auction, at its option, and apply the proceeds thereof to the payment of the tax.    *    *    *."

The clause of the will of the testatrix hereinabove quoted clearly provides that one-half of the residuary of her estate is to go to her sister absolutely.   The other half she leaves to her trustees in trust to pay the income therefrom to her nephew, Marshall R. Kernochan, during his lifetime.   At his death the principal thereof goes to his lawful issue then living " in equal shares, *per stirpes* and not *per capita.*"   If the nephew dies without leaving issue, then the same goes to the Cathedral Church of St. John the Divine.   By the last clause of the will of the testatrix it is provided that all transfer and succession taxes imposed upon her estate or any part thereof shall be paid by her executor out of her residuary estate.   Section 230, above quoted, provides that when property is transferred in trust or otherwise and the rights, interest or estate of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, the tax shall be imposed upon said transfer at the highest rate which on the happening of any such contingencies or conditions would be possible under the provisions of the article, which tax is to be computed on the full, undiminished value of such property at the time of the transfer without deduction for or on account of any intervening estate or interest.   Under the terms of the will of the testatrix the estate of the remainderman, John Marshall Kernochan, may be " wholly or in part created, defeated, extended or abridged." It may be defeated by his death prior to the death of his father. It may be abridged by the birth of brothers or sisters who would share in said remainder.   The will provides that the remainder is to be paid to the issue of the nephew of the testatrix living at his decease in equal shares, *per stirpes* and not *per capita.*   No one can say how many children Marshall R. Kernochan may have nor how many he may leave him surviving, nor can it be said how many children of his may die leaving issue who, under the terms of the will, would be entitled to share in the remainder.   At the time of the appraisal Marshall R. Kernochan had but one child, a son. This does not mean that he may not have more children, or as to what the future may have in store in this respect.   Even though it be held that the remainder vests in John Marshall Kernochan,

his rights are subject to being defeated or abridged by the subsequent birth of brothers or sisters or both.

It seems to me the precise question presented upon this appeal arose in *Matter of Hecht* and *Matter of Simonson*, which passed through this court and are reported in 219 Appellate Division, 656. Our decision in those cases was affirmed by the Court of Appeals, without opinion, in 246 New York, 602. *Matter of Aronstein* arose later and also was unanimously affirmed by this court (219 App. Div. 819) on the authority of *Matter of Hecht* and *Matter of Simonson (supra).* In the *Aronstein* case the executors argued, as does the executor in the case at bar, that the remainder estates were vested and, therefore, did not come under the statute above quoted. The State Tax Department contended that under the present law it made no difference whether the estates were vested or not if they might thereafter be " wholly or in part created, defeated, extended or abridged." Practically the same argument is made in the case at bar that was made before this court in the cases of *Matter of Hecht* and *Matter of Simonson (supra).* Referring to the contention of the executors that the value of the life estate should be deducted from the value of the remainder, Mr. Justice PROSKAUER, writing for a unanimous court here, said (at pp. 658, 659): " This argument is plausible, but unsound. It ignores completely the element of time and the simple mathematical concept of present worth. If the State became at once beneficially entitled to the tax on the contingent remainder, the mathematical conclusion reached by the appellants would be correct. But the State does not presently get this tax. The income from the cash or securities deposited to cover the tax goes back to the estate during the whole duration of the trust. There is no difference between taxing a contingent remainder on the assessment of its present worth, with a tax payable presently, and taxing it, with a tax payable at the date of vesting, on its face value rather than its present worth. One is the exact arithmetical equivalent of the other. No property right is invaded by this scheme of taxation. Viewed as an entity, the estate is not harmed because in effect it merely deposits security for the tax. The life tenant is not harmed because she does not lose the income by premature payment of the tax, but is safeguarded in her enjoyment of that income by the provisions of section 241. The remainderman loses an advantage that he had before the amendment, but is deprived of nothing to which he is entitled. Prior to the amendment he would at the date of vesting have received his remainder subject to a tax based on its present worth at the date of death. Under *Matter of Seligmann* (170 App. Div. 837; affd.,

219 N. Y. 656) if the tax was not payable until the date of vesting, it was proper for the authorities to assess at the face value of the remainder and not on its present worth. That is exactly what is done under the revised scheme. There is no double taxation for the State does not secure the beneficial enjoyment of the tax until the date of vesting. It is true that the *Seligmann* case was decided on the basis of one of the exceptions to the old procedure, where the Superintendent of Insurance's tables did not furnish sufficient basis for working out the present value of the contingent remainder, but the constitutional question underlying both cases is the same. The State invades no constitutional right by assessing a contingent remainder at its face value rather than its present worth if the State postpones its beneficial collection of the tax until the date of vesting.

" The Inheritance Tax Law or the Transfer Tax Law has been one of development by gradual changes tending to secure the State in its right to collect the tax without unfairness to the beneficiaries. The difficulties of practical procedure have been recognized by the courts and each successive attempt of the Legislature to clarify the procedure has been approved. If this statute provided that the assessment should be made on face value at the time of the vesting, it could not be questioned. It should be just as free from challenge where, though the assessment is presently made, the tax is beneficially taken by the State only at the time of vesting.

" The orders appealed from should be affirmed, with costs."

It is the contention of the executor that the remainder here is vested, subject only to be defeated by the happening of the contingency whereby it would pass to a person having no taxable interest because of the fact that the birth of other children to Marshall R. Kernochan would then divest a part of the remainder and vest it in the other children. Under the statute no tax is payable upon the remainder at the present time. All that the executor is required to do is to deposit cash or bonds to secure payment of the tax to the State Tax Department upon the death of the life tenant and when the estate is paid over to the remainderman. In the meantime the interest on the money deposited or the coupons on the bonds deposited in lieu thereof will be turned over to the executor for the benefit of the life tenant and the life tenant would receive a greater income than as though the lesser sum was paid over at the present time and the transfer tax upon said estate be closed. If the executor is right in his contention and *should other children be born to Marshall R. Kernochan, the tax would be less in amount if taxed to two or more persons than as though taxed*

*to one.* The claim of the executor that the State would lose interest on the tax is without any force whatever in view of the fact that the State gets no interest. The entire interest on the fund is paid over to the executor for the benefit of the life tenant until the passing of the remainder. There is nothing to the claim that the amount of the tax has been taken from the share of Louise M. Pollock. She can lose nothing that she never had. Under the terms of the will she takes no part of the residuary until after the transfer taxes imposed by law are fully discharged. As this court stated in *Matter of Hecht* and *Matter of Simonson:* " There is no difference between taxing a contingent remainder on the assessment of its present worth, with a tax payable presently, and taxing it, with a tax payable at the date of vesting, on its face value rather than its present worth. One is the exact arithmetical equivalent of the other."

The order appealed from was right, and should be affirmed, with costs to the respondent payable out of the estate.

DOWLING, P. J., and PROSKAUER, J., concur; FINCH and MCAVOY, JJ., dissent.

MCAVOY, J. (dissenting). There is no possibility of any incidence of the tax increasing its amount through a future contingency. The only possible tax is that which may be imposed on the remainder vested at decedent's death. There is, therefore, no warrant for suspension of the tax in order to secure the highest possible tax which might come about because of contingencies. Without such suspension no basis exists for appraising remainders at their full undiminished value. The only contingency possible in the future will not add a tax but defeat it since it runs to an exempt charity. The only taxable remainder vested at decedent's death. The remainder is vested subject only to be divested by a contingency which will pass it to a person without taxable interest and thus shut out any tax. The tax on the remainder would be as large as possible because this vested remainder is the only taxable remainder.

The order should be reversed and the proceeding remitted to the surrogate.

FINCH, J., concurs.

Order affirmed, with costs to the respondent payable out of the estate.