In the Matter of the Estate of HENRY T. KNEELAND, JR., Deceased.

Surrogate's Court, Franklin County, February 27, 1929.

*Stewart & Shearer,* for the United States Trust Company.

*J. Francis Foran,* for the State Tax Commission.

LAWRENCE, S. Decedent died August 18, 1928, leaving his widow Emma S. Kneeland, but no other next of kin.

On February 28, 1917, decedent executed a deed of trust to the United States Trust Company, as trustee, transferring various securities to the trust company. The agreement provided that the trustee should collect the income and pay the same over to the donor during his life and at his death to transfer the principal to

his wife above mentioned, further providing that in case the wife should not survive the donor, then to transfer the principal at his death to the persons he might designate by his will and in the absence of such designation, to his next of kin. The donor reserved the right during his life to revoke the deed and terminate the trust.

On August 22, 1925, the donor amended the trust deed by striking out the provision directing the payment of the income to him for life and upon his death the transfer of the principal to his wife and substituted therefor provisions for the payment of the income to his wife until her death or his prior death and in case she died first to pay the income to him for life, further providing that if the donor should die first, then upon his death to transfer the principal to the wife. The deed was further amended by striking out the provision permitting him to revoke the trust. It retained the provision that if the wife should die first, then upon the death of the donor, the principal should pass to the legatees or next of kin of the donor.

The stated value of the securities at the date of the amended deed was $66,477.44. It is the contention of the trust company that the amended deed created an irrevocable trust estate.

It appears that the decedent left a will, but no other property of more than nominal value. Deceased was born May 23, 1875, and, therefore, at the date of the amended deed he was fifty years of age.

It is claimed by the trust company that the amended trust deed vested in the wife a life estate or interest to be measured by the duration of the life of the donor. It is further contended that the income passing to the wife during the life of the husband should not be taxed, because it was a " gift *inter vivos* " and that the amount of it as determined, should be deducted from the value of the estate on August 22, 1925, and after such deduction and further deductions for commissions, legal expenses, etc., and an exemption of $5,000 for the widow, such resulting balance should be taxed at one per cent.

In my judgment the amended agreement created an irrevocable trust and we should place ourselves in the situation as we find it immediately after the execution of the trust deed. Such right to the income as the wife was entitled to under the agreement would not seem to be material. In my judgment such income was not taxable.

The corpus of the estate was contingent. It would vest at the death of the donor, but in whom it would vest would depend upon the survival of the wife and if she did not survive, then it might vest in such persons as might be the legatees or next of kin of the

donor. The right of such disposal, however, was not an absolute right of the donor and in any case would seem to arise pursuant to the terms of the trust deed. On the day following the agreement we would, therefore, proceed to assess a tax on this contingent estate at its full undiminished value, or $66,477.44, at the highest rate which could be assessed under any contingency. Cash or securities would have to be deposited to insure the payment of such tax on the happening of the contingency, any income on securities to be refunded until such contingency happened. That contingency in this case was the death of the donor on August 18, 1928, and thereupon an amended taxing order would be made determining the tax, taking into consideration the persons in whom at that time it would absolutely vest.

I take the position that the wife having survived, the undiminished estate would vest in her under the agreement at the value stated at the time of the amended trust deed. Attention is called to *Matter of Hecht* (127 Misc. 211; 219 App. Div. 656; 246 N. Y. 602) and a recent decision by the United States Supreme Court affirming the decision of the State court and rendering an opinion thereon. (*Salomon* v. *State Tax Comm.*, 278 U. S. 484.) (See, also, *Matter of Wysong*, 223 App. Div. 407; affd., 248 N. Y. 595; Tax Law, §§ 230, 241.)

I believe I can properly proceed in this matter and determine the tax, as the contingency has happened. I do not find any authority for the proposed deduction of $500 for legal services as stated in the moving affidavits, because the trust agreement has no mention of such expenses and confines all expenses to commissions.

In accordance with the foregoing statement it would seem that the following statement shows the amount of tax which should be assessed and paid:

| | | |
|---|---:|---:|
| Amount of undiminished estate on August 22, 1925... | | $66,477 44 |
| Deduct one-half of one per cent commissions | $332 38 | |
| Exemption to widow | 5,000 00 | |
| | | 5,332 38 |
| Taxable estate | | $61,145 06 |
| $25,000 taxable at one per cent | | $250 00 |
| $36,145.06 taxable at two per cent | | 722 90 |
| Tax | | $972 90 |