In the Matter of the Transfer Tax upon the Estate of
MAURICE SELIGMANN, Deceased.

ELIAS ASIEL et al., as Trustees, Appellants; THE COMP-
TROLLER OF THE STATE OF NEW YORK, Respondent.

**Transfer tax — contingent or defeasible estate in expectancy —
when tax should be upon full value.**

Where transfer taxation has been held in abeyance, the contin-
gent or defeasible estate in expectancy is to be appraised at its full
value when the persons entitled thereto shall come into the bene-
ficial enjoyment or possession thereof. (Tax Law [Cons. Laws, ch.
60], § 230; *Matter of Terry*, 218 N. Y. 218, 223, explained.)

*Matter of Seligmann*, 170 App. Div. 837, affirmed.

(Argued November 23, 1916; decided December 28, 1916.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
January 18, 1916, which modified and affirmed as modi-
fied an order of the New York County Surrogate's Court
assessing a transfer tax upon certain remainder inter-
ests which were suspended from taxation in a former
tax proceeding and which have since fallen in.

*Abraham L. Gutman* and *Thomas A. S. Beattie* for
appellants.

*Schuyler C. Carlton* and *Lafayette B. Gleason* for
respondent.

POUND, J. This proceeding was properly disposed of
by the Appellate Division (170 App. Div. 837). The
extract from the opinion in *Matter of Terry* (218 N. Y.
218, 223): "In all cases we must carve out of one total
— the value of the property transferred as of the death
of the decedent — the value of the present and the future
interest, and the parts can never be greater than the
whole," which is relied upon by the appellant, must be
read in connection with the context. It relates to pres-
ent taxation where the fair market value of the future
interest is ascertained, and does not relate to cases

where the future interest cannot be or is not presently valued and taxed. Where taxation has been held in abeyance, the contingent or defeasible estate in expectancy is to be appraised at its full value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof. (Tax Law [Cons. Laws, ch. 60], § 230.) Thus, in the *Terry* case, if the legacy to the McGregor Home should revert to the heirs, it would then be appraised and taxed at its full value without any deduction. In such a case, because we cannot presently carve out of one total the value of the present and future estates, the legislature has established the rule of giving both estates the highest possible value, as the persons entitled thereto respectively take possession. In the case at bar, the entire future interests of the sons might, in the first place, have been appraised for taxation and the tax then paid on such valuation, but as payment was postponed the tax should now be upon the full value.

The order should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDE-BACK, HOGAN and CARDOZO, JJ., concur.

Order affirmed.