In the Matter of the Transfer Tax upon the Estate of MYER HECHT, Deceased.

LEO SALOMON and Others, as Executors, etc., Appellants; STATE TAX COMMISSION OF NEW YORK, Respondent.

In the Matter of the Transfer Tax on the Estate of ALBERT SIMONSON, Deceased.

NETTIE I. SIMONSON and Others, as Executors, etc., Appellants; STATE TAX COMMISSION OF NEW YORK, Respondent.

First Department March 4, 1927.

Taxation — transfer tax — estate left in trust to widow with contingent remainders over — widow's life interest was fixed and taxed — tax fixed on remainder on basis of entire present value of trust estate — said tax so fixed must be paid immediately subject to provisions of Tax Law, § 230, as amd.— income on entire tax will be paid to executors under Tax Law, § 241, as amd., during pendency of trust — amendment to Tax Law, § 230, not unconstitutional.

It is proper under section 230 of the Tax Law, as amended by chapter 144 of the Laws of 1925, to fix a transfer tax on contingent remainders on the basis of the full present value of property devised in trust, although the value of the life estate is fixed and a transfer tax paid thereon. Under that section of the statute no deduction can be made for, or on account of, any intervening estate or interest in fixing the value of the remainders for tax purposes.

The amendment to said section is not unconstitutional, for, under section 241 of the Tax Law, as amended by chapter 144 of the Laws of 1925, the income from the tax paid on the life estate and the remainder must be paid by the State to the executors until the termination of the life estate.

The State invades no constitutional right by assessing a contingent remainder at its face value rather than at its present worth, since, under the present statute, the State postpones its beneficial collection of the tax until the date of vesting.

APPEAL in the first above-entitled proceeding by the executors, Leo Salomon and others, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 7th day of May, 1926, affirming a prior order entered in the office of said Surrogate's Court on the 11th day of November, 1925, fixing and assessing a tax upon the transfer of the property of said decedent.

Appeal in the second above-entitled proceeding by the executors, Nettie I. Simonson and others, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 15th day of October, 1926, affirming a prior order entered in the office of said Surrogate's Court on the 24th day of August, 1926, fixing and assessing a tax upon the transfer of the property of said decedent.

*Edmund O. Austin* of counsel [*Ehrich & Mencher*, attorneys], for the appellants, executors of Myer Hecht, deceased.

*Abraham L. Gutman* of counsel [*William Victor Goldberg* with him on the brief; *Cohen, Gutman & Richter*, attorneys], for the appellants, executors of Albert Simonson, deceased.

*Seth T. Cole* of counsel [*Charles A. Curtin*, attorney for State Tax Commission], for the respondent.

*Russell L. Bradford* of counsel [*Charles Angulo* with him on the brief; *Taylor, Blanc, Capron & Marsh*], *amici curiæ*.

PROSKAUER, J.    These appeals concern the constitutionality and interpretation of the amendments to section 230 of the Tax Law made by chapter 144 of the Laws of 1925.    Prior to the enactment of that statute, under this section a contingent remainder was assessed for taxation at the highest rate possible on the happening of any contingencies and the tax was presently levied.    By section 241 it had been provided that the State should retain and hold to the credit of the estate so much of the tax assessed upon such contingent remainders as represented the difference between the tax at the highest rate and the tax upon such remainders which would be due if the contingencies had happened at the date of the appraisal. This difference, subject to the payment of interest thereon, was thus retained by the State, with certain alternatives as to the giving of a bond, and when the remainder finally vested in possession there was a proper adjustment with the estate.    It was the settled practice under this statute to compute by mortality tables the value of the life estate and the value of the remainder.    An exception to this was that in certain unusual cases, where it was impossible to compute by the mortality tables furnished by the Superintendent of Insurance the present worth of the future contingent remainder, the payment of the tax was postponed until the date of vesting and the value of the remainder was then computed on the basis of the market worth of the corpus at the time of the testator's death without any deduction for the value of the intervening life estate.

Under certain earlier forms of the statute this latter method was held to be valid in *Matter of Seligmann* (170 App. Div. 837; affd., 219 N. Y. 656).    The change effected by the 1925 statute was to require the present assessment of the contingent remainder to be " on the full, undiminished value of such property at the time of the transfer without deduction for or on account of any intervening estate or interest."    It further required the tax to be computed upon this valuation.

Section 241 was also amended correspondingly to provide that the Tax Commission should retain not merely the above-stated

portion of the tax, but should retain the entire tax until the time of vesting, in effect, as security for the ultimate payment of the tax. This deposit may be made in cash or in approved bonds or securities, and until the actual vesting of the remainders, the income thereof is required " to be paid over to the executor or trustee during the continuance of the trust estates."

The decedent Myer Hecht left a residuary estate in trust amounting to $322,094.37. The widow was the beneficiary for life with contingent remainder. Her life interest as fixed on the mortality tables is worth $124,957. An inheritance tax has been levied on that amount against her life interest, and a tax in addition, based on the entire corpus of the trust estate, namely, $322,094.37, has been levied on the remainder which the State Tax Commission insists must be paid, to be held by it subject to the provisions of section 241, the income on this tax to be paid to the executors during the pendency of the trust. The surrogate has approved this procedure. The appellants claim, *first*, that the statute of 1925 should not be so construed, and *second*, that if so construed it is unconstitutional.

On the question of construction the appellants contend that the Legislature could not have intended that the words " which tax shall be computed on the full, undiminished value of such property at the time of the transfer without deduction for or on account of any intervening estate or interest " should involve present taxation of a future interest at its face value; that the words " such property " must be interpreted to mean *trust property*, and that the statute should be construed, therefore, to mean that the value of the entire trust should not be diminished by any intervening life estate. This construction would render the amendment meaningless. The statute is too plain for such subtlety. It means exactly what it says, that contingent remainders are to be assessed for the purposes of the act without deduction of the value of the life estate.

We are, therefore, to determine whether this statute violates any constitutional provision. The appellants contend that where the entire fund is $322,094.37, the life estate is valued at $124,957 and the remainder is valued at $322,094.37, there has been taxed a transfer of property amounting by $124,957 more than in fact passed under the testator's will. This argument is plausible, but unsound. It ignores completely the element of time and the simple mathematical concept of present worth. If the State became at once beneficially entitled to the tax on the contingent remainder, the mathematical conclusion reached by the appellants would be correct. But the State does not presently get this tax. The income from the cash or securities deposited to cover the tax goes

back to the estate during the whole duration of the trust. There is no difference between taxing a contingent remainder on the assessment of its present worth, with a tax payable presently, and taxing it, with a tax payable at the date of vesting, on its face value rather than its present worth. One is the exact arithmetical equivalent of the other. No property right is invaded by this scheme of taxation. Viewed as an entity, the estate is not harmed because in effect it merely deposits security for the tax. The life tenant is not harmed because she does not lose the income by premature payment of the tax, but is safeguarded in her enjoyment of that income by the provisions of section 241. The remainderman loses an advantage that he had before the amendment, but is deprived of nothing to which he is entitled. Prior to the amendment he would at the date of vesting have received his remainder subject to a tax based on its present worth at the date of death. Under *Matter of Seligmann* (170 App. Div. 837; affd., 219 N. Y. 656) if the tax was not payable until the date of vesting, it was proper for the authorities to assess at the face value of the remainder and not on its present worth. That is exactly what is done under the revised scheme. There is no double taxation for the State does not secure the beneficial enjoyment of the tax until the date of vesting. It is true that the *Seligmann* case was decided on the basis of one of the exceptions to the old procedure, where the Superintendent of Insurance's tables did not furnish sufficient basis for working out the present value of the contingent remainder, but the constitutional question underlying both cases is the same. The State invades no constitutional right by assessing a contingent remainder at its face value rather than its present worth if the State postpones its beneficial collection of the tax until the date of vesting.

The Inheritance Tax Law or the Transfer Tax Law has been one of development by gradual changes tending to secure the State in its right to collect the tax without unfairness to the beneficiaries. The difficulties of practical procedure have been recognized by the courts and each successive attempt of the Legislature to clarify the procedure has been approved. If this statute provided that the assessment should be made on face value at the time of the vesting, it could not be questioned. It should be just as free from challenge where, though the assessment is presently made, the tax is beneficially taken by the State only at the time of vesting.

The orders appealed from should be affirmed, with costs.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

In each case: Order affirmed, with costs.