In the Matter of the Estate of MARSHALL WYSONG, Deceased.

Surrogate's Court, New York County, July 27, 1927.

**Taxation — transfer tax — remainder over to issue of life tenant, or if none, to church — remainder is taxable at full value under Tax Law, § 230.**

A remainder over to the issue of the nephew of the testator, the life tenant under a devise, or if there should be no issue then to a named church, is under section 230 of the Tax Law taxable at its full value.

APPEAL from report of transfer tax appraiser and order entered thereon.

*Henry F. Miller,* for the executors.

*Charles A. Curtin,* for the State Tax Commission.

O'BRIEN, S. The executor appeals from the report of the transfer tax appraiser and the order entered thereon on the following grounds: (1) That the assessment of the tax on a remainder at its full undiminished value was improper; (2) that chapter 144 of the Laws of 1925 is unconstitutional; (3) that the valuation and taxation of the remainder interest adopted by the appraiser are not warranted by the Tax Law. The decedent died on March 29, 1925. The first ground of appeal is denied. The 14th clause of the will of the testatrix in so far as is material provides as follows: " In case both my said sister and my said nephew survive me, I give, devise and bequeath one-half of my said residuary estate to my said sister Louise M. Pollock, absolutely, and I give, devise and bequeath

the other one-half of my said residuary estate to my trustees hereinbefore named, upon trust, to hold the same during the life of my nephew, Marshall R. Kernochan, and to keep the same invested, and to pay the net income arising therefrom to my said nephew, during his life, and upon his death to pay the principal sum as then constituted to his lawful issue then living in equal shares, per stirpes and not per capita, and if there be no such issue of my nephew living at the time of his death, I give the same to the Cathedral Church of St. John the Divine in the City and Diocese of New York  *  *  *."

Louise M. Pollock, the sister of the decedent, and Marshall R. Kernochan, the nephew of the decedent, survived her. The remainder after the life estate of the said nephew is contingent (*Matter of Crane*, 164 N. Y. 71; *Ma ter of Buechner*, 226 id. 440; *Matter of Bendheim*, 124 Misc. 424), or at the very least defeasible.

Now section 230 of the Tax Law (as amd. by Laws of 1925, chap. 144) provides: " When property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, which tax shall be computed on the full, undiminished value of such property at the time of the transfer without deduction for or on account of any intervening estate or interest."

The remainder after the life estate of the nephew must be taxed at its full undiminished value. (*Matter of Hecht*, 219 App. Div. 656; *Matter of Simonson*, Id.; *Matter of Aronstein*, Id. 819.)

The second and third grounds of appeal are denied. (*Matter of Hecht, supra; Matter of Simonson, supra; Matter of Aronstein, supra.*)

The taxing order is affirmed.