modified a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff, a boy seven years old, while running diagonally across Forty-first street near Tenth avenue in the city of New York was struck by defendant's automobile approaching from his rear. There was evidence that defendant's chauffeur had a clear view of the boy for at least one hundred feet but made no attempt to check or stop his car.

*George F. Hickey, Henry L. Ughetta* and *William Butler* for appellant.

*Otto D. Parker* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Not sitting: KELLOGG, J.

---

In the Matter of the Estate of ALBERT SIMONSON, Deceased.

NETTIE I. SIMONSON et al., as Executors, Appellants; STATE TAX COMMISSION, Respondent.

*Tax — transfer tax — decedent's estate — constitutional law — life estate with contingent remainder — tax properly levied on value of life interest and also on entire corpus of trust estate to be paid to and held by Tax Commission — validity of chapter 144 of Laws of 1925.*

*Matter of Simonson,* 219 App. Div. 656, affirmed.

(Argued October 20, 1927; decided November 22, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 4, 1927, which affirmed an order of the New York County Surrogate's Court assessing a transfer tax upon the estate of Albert Simonson, deceased. The constitutionality and interpretation of amendments to section 230 of the Tax Law made by chapter 144 of the Laws of 1925 were involved. Decedent left part of his estate in trust for the benefit of two daughters with contingent remainder. An inheritance tax was levied upon the

value of the life interests as fixed by mortuary tables and in addition a tax based on the entire corpus of the trust estate was levied and required to be paid on the remainder to be held by the State Tax Commission subject to the provisions of section 241, as amended, the income to be paid to the trustee during the continuance of the trust.

*Abraham L. Gutman* and *William Victor Goldberg* for appellants.

*Seth T. Cole* and *Charles A. Curtin* for respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Not sitting: KELLOGG, J.

---

In the Matter of the Estate of MYER HECHT, Deceased.

LEO SALOMON et al., as Executors, Appellants; STATE TAX COMMISSION, Respondent.

*Tax — transfer tax — constitutional law — life estate with contingent remainder — tax properly levied on value of life interest and also on entire corpus of trust estate to be paid to and held by Tax Commission — validity of chapter 144 of Laws of 1925.*

*Matter of Hecht,* 219 App. Div. 656, affirmed.

(Argued October 20, 1927; decided November 22, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 4, 1927, which affirmed an order of the New York County Surrogate's Court assessing a transfer tax upon the estate of Myer Hecht, deceased. The constitutionality and interpretation of amendments to section 230 of the Tax Law made by chapter 144 of the Laws of 1925 were involved. Decedent left part of his estate in trust for the benefit of his widow with contingent remainder. An inheritance tax was levied upon the value of the life interest as fixed by mortuary tables and in addition a tax based on the entire corpus of the trust estate was levied and required to be paid on the remainder, to be held by the State Tax Commission