In the Matter of the Estate of Michael Hallanan, Deceased.

Surrogate's Court, New York County, February 15, 1928.

**Taxation** — transfer tax — decedent left his residuary estate in trust during the lives of his son and his grandson, with direction that income be paid to his son during his lifetime and upon his death to said son's issue until trust should terminate — will further provided that on death of son and grandson, principal should be paid to such persons as his son should designate in his will — in default of such appointment, principal was given to issue of son per stirpes — division of principal was to be made after death of both decedent's son and grandson — objection to tax on remainder interest as being excessive, sustained — other objections dismissed.

On this transfer tax proceeding it appears that decedent, by will, left his residuary estate in trust during the lives of his son and his grandson, and directed that the

MATTER OF HALLANAN. **181**

Misc. 180]    Surrogate's Court, New York County, February, 1928.

income be paid to the son during his lifetime and upon his death to said son's issue until the termination of the trust. The will further provided that on the death of his son and grandson, the principal should be paid to such persons as the son should by his will appoint, and in default of such appointment, to the issue of the son *per stirpes.*

Since the division of the principal was to be made after the death of both decedent's son and grandson, the taxing order should be modified, since the tax upon the remainder interest is excessive, in that it is computed as if the remainder were added to the value of the surviving life estate of the grandson. The other objections are dismissed.

APPEAL by executors from report of transfer tax appraiser and order entered thereon.

*C. Parker Lattin,* for the executors.

*Charles A. Curtin,* for the State Tax Commission.

O'BRIEN, S.   This is an appeal by the executors from the report of the transfer tax appraiser and the order entered thereon on the following grounds: (1) That the tax upon the remainder interest is excessive in that it is computed as though the remainder were added to the value of the surviving life estate of George H. Hallanan, Jr.; (2) that the present value of the surviving life estate of George H. Hallanan, Jr., is excessive for the reason that it was valued without making allowance or deduction for the value of the primary life estate; (3) that the value of the remainder is excessive for the reason that no allowance or deduction has been made for the value of the primary life estate and the surviving life estate; (4) that chapter 144 of the Laws of 1925* is unconstitutional. The decedent died on April 3, 1926. By his will he left his residuary estate in trust during the lives of his son, George Henry Hallanan, and his grandson, George Henry Hallanan, Jr., the income to be paid to the son during his lifetime and after his death to the son's issue until the trust should terminate. He further provided that upon the death of both his son and his grandson the principal should be paid to such persons as the son should by his last will and testament appoint, and, in default of such appointment, to the issue of the son *per stirpes.* The appeal on the first ground is sustained. It is apparent from the language used in the decedent's will that the division of the principal was to be made after the death of both the decedent's son and his grandson. The grandson, George Henry Hallanan, Jr., would, therefore, be excluded from participation in the corpus of the trust. The second, third and fourth grounds of appeal are denied. (*Matter of Hecht,* 219 App. Div. 656; affd., 246 N. Y. 602; *Matter of Simonson,* 219 App. Div. 656; affd., 246 N. Y. 601.) Submit order on notice modifying the taxing order in accordance with this decision.

---

* Amdg. Tax Law, § 241.— [REP.