In the Matter of the Estate of Louis Sperling, Deceased.

Surrogate's Court, New York County, May —, 1928.

*Frederick W. Sperling*, for the executor.

*Charles A. Curtin* [*Seth T. Cole* of counsel], for the State Tax Commission.

FOLEY, S. This appeal is taken by the executor from the order assessing tax upon the following grounds: (1) That the value of the mother's remainder life interest in a fund of $25,000 should be diminished by deducting therefrom the appraised value of the primary life estate in the fund and that the tax upon the mother's interest should be reduced accordingly; (2) that the assessment of a tax against the trustee on the mother's remainder life interest in the aforesaid fund of $25,000 is improper, since that remainder interest is an absolute life estate without any trust limitation; (3) that the value of the life estate of the decedent's sister, Roletta Sperling, in one-half the residuary estate should be diminished by deducting therefrom one-half of the appraised value of the mother's life estate in the residuary estate, and that the tax assessed against the trustee for the benefit of Roletta Sperling should be reduced accordingly; (4) that the value of the life estate of the decedent's sister, Sophie Sperling, in one-half the residuary estate should be diminished by deducting therefrom one-half of the appraised value of the mother's life estate in the residuary estate, and that the tax assessed against the trustee for the benefit of Sophie Sperling should be reduced accordingly; (5) that the value of the life estate of the sister, Sophie Sperling, in one-half the residuary estate, apparently taxed against her on the theory that she will be the survivor of the two sisters, should be diminished by deducting therefrom one-half the appraised value of the mother's

life estate in the residuary estate, and should be further diminished by deducting therefrom the life interest of the sister, Roletta Sperling, in the same one-half of the residuary estate, and that the tax assessed against the trustee for the benefit of Sophie Sperling should be reduced accordingly; (6) that the value of the remainder interests of the decedent's three brothers in the fund of $25,000 should be diminished by deducting therefrom the appraised value of the effective primary life estate in the fund, and should be further diminished by deducting therefrom the value of the mother's remainder life estate in the fund, and that the tax assessed against the trustee for the benefit of the brothers should be reduced accordingly; (7) that the value of the remainder interests of the three brothers in the residuary estate should be diminished by deducting therefrom the appraised value of the effective primary life estate, the value of the life estates of the two sisters and the value of the life estate of their survivor, and that the tax assessed against the trustee for the benefit of the brothers should be reduced accordingly; (8) that the remainder interests of the three brothers in the fund of $25,000 should have been appraised at a value which would make due allowance for all intervening effective or contingent life interests in the fund, and, if possible of ascertainment at this time, that no tax should be presently assessed thereon; (9) that the remainder interests of the three brothers in the residuary estate should have been appraised at a value which would make due allowance for all intervening effective or contingent life interests in the residuary estate, and, if impossible of ascertainment at this time, that no tax should be presently assessed thereon.

The decedent died on July 25, 1926. By his will he bequeathed his entire residuary estate to his mother, Paulina Sperling, for life. The testator further provided that upon the death of his mother the entire residuary estate should pass to his trustee, who is directed to divide the income therefrom into two equal parts, one-half of the income to be paid to the decedent's sister, Roletta Sperling, during her lifetime and the other half of the income to be paid to the decedent's sister, Sophie Sperling, during her lifetime, and upon the death of either of the sisters the entire income to be paid to the survivor for the remainder of her life. After the death of both of the sisters, or upon the death of the mother in the event that the sisters predecease her, the corpus of the residuary estate is payable in equal shares to the decedent's three brothers, Henry Sperling, Herman I. Sperling and Frederick W. Sperling. By a codicil to his will the testator created a trust fund in the sum of $25,000, the income therefrom to be paid to Fredericka French for life, and upon her death the principal to become part of his residuary

estate. The decedent's sisters and brothers, above mentioned, and Fredericka French survived him. The taxing order, in so far as it applies to the residuary estate, assesses against the testator's mother, Paulina Sperling, a tax upon the present value of her life estate in the residuary estate. It temporarily assesses against the trustee, for the benefit of persons of the one per cent class, a tax on the value, computed as of the date of appraisal, of the mother's surviving life estate in the fund of $25,000, in which Fredericka French has the primary life interest. The order also temporarily taxes against the trustee, for the benefit of persons of the two per cent class, the value of the surviving life estates, computed as of the date of appraisal, of the decedent's sisters, Roletta Sperling and Sophie Sperling, in the respective halves of the residuary estate. Upon the assumption that Sophie Sperling, the younger of the two sisters, will survive Roletta Sperling, the order has temporarily taxed against the trustee, for the benefit of persons of the two per cent class, a second surviving life estate in one-half of the residuary estate. The full undiminished value of the residuary estate, including the fund of $25,000, has been temporarily taxed in three equal shares against the trustee for the benefit of persons in the two per cent class, namely, the respective brothers of the decedent. The first ground of appeal is overruled. At the request of the State Tax Commission, sections 230 and 241 of the Tax Law were amended by chapter 144 of the Laws of 1925. The plain purpose of the State in this legislation is to obtain the immediate deposit of funds adequate for the payment of the highest possible tax that may be ultimately assessed upon any contingent transfer, whether life estate or remainder, when the value of the transfer is finally established. This amendment is applicable to the transfers under the will of this decedent. In *Matter of Hosford* (129 Misc. 825) I analyzed these statutory requirements for the taxation of contingent surviving life estates and the method of valuation to be adopted by the appraiser. In that decision I pointed out that each transfer must be treated separately and that each contingent surviving life estate must be separately, independently and temporarily taxed by assuming the happening of the contingency which will produce the highest tax to the State. That method has been adopted by the appraiser in the instant case, and the mother's contingent surviving life estate in the fund in which Fredericka French has a primary life estate has been temporarily valued on her expectancy of life, computed as of the date of appraisal. The report of the appraiser sets forth the proper temporary valuation of this contingent surviving life estate, and the temporary tax thereon has been properly

assessed by the taxing order. A similar determination as to the legality of this method of taxation of a surviving life estate was made by my colleague, Surrogate O'BRIEN, in *Matter of Potter* (130 Misc. 312), which was modified and affirmed by the Appellate Division of the First Department (222 App. Div. 804). The contention of the executor that chapter 144 of the Laws of 1925 is unconstitutional is overruled. (*Matter of Hecht*, 219 App. Div. 656; affd., 246 N. Y. 602;* *Matter of Simonson*, 219 App. Div. 656; affd., 246 N. Y. 601; *Matter of Aronstein*, 219 App. Div. 819.) The second ground of appeal is sustained. The taxing order may be corrected by assessing against the executor, instead of the trustee, the tax on the mother's contingent surviving life estate. The third, fourth and fifth grounds of appeal also involve the method of fixing the temporary tax on contingent surviving life estates and are overruled for the reasons set forth under the first ground of appeal. The taxing order, however, may be modified to the extent of allowing a provision therein to the effect that if any of the surviving life tenants shall predecease the primary life tenant of the fund in which such surviving life tenant has a surviving life estate the executor and trustee shall forthwith be entitled to a modification of the *pro forma* order fixing the tax temporarily assessed on such surviving life estates, and if any of the surviving life tenants survive the primary life tenant of the fund in which such surviving life tenants have a surviving life estate, such surviving life estate shall then be revalued based upon the expectancy of life of the surviving life tenant at the time of the death of the primary life tenant, and that the transfer tax on such surviving life estate shall be finally fixed, based upon such revaluation. (*Matter of Potter, supra,* see order on remittitur dated February 27, 1928.) The sixth, seventh, eighth and ninth grounds of appeal are overruled. The dispute arises as to the method of fixing the tax upon the vested remainder interests of the three brothers. It is conceded that these interests are vested and not contingent. Section 230 of the Tax Law requires the valuation of a life estate or annuity to be fixed according to the rules, methods and standards of mortality employed by the Superintendent of Insurance in ascertaining the value of annuities for the determination of liabilities of life insurance companies. In estates where a fixed primary life estate is bequeathed to one or more persons with a vested remainder to others it has long been the practice to fix the value of the vested remainder by deducting from the corpus of the fund the present value of the life tenant's interest. No complications arise under such situations. Prior to the amendment of the Tax Law by chapter 144 of the Laws of 1925 it was also the practice to presently compute the value of

---

* Affd., sub nom. *Solomon* v. *State Tax Commission,* 278 U. S. 484.

surviving life estates and to tax the value of these surviving life estates against the surviving life tenants as vested interests. The tax assessed upon the surviving life estates was final and as to this tax the order was a final order and not subject to modification thereafter. In such cases the value of the vested remainders was arrived at by deducting from the corpus of the fund the value of the life estates and also the value of the surviving life estates. But this system of taxation of vested remainders, where there are intermediate contingent life estates, has been entirely changed by the amendment to sections 230 and 241 of the Tax Law under chapter 144 of the Laws of 1925. Under this amendment, which governs the present method of temporarily taxing surviving life estates, the taxing order must be modified upon the death of the primary life tenant, the surviving life interests must be revalued and the final tax thereon fixed based upon such revaluation. It is thus impossible to arrive at the value of a vested remainder by deducting from the fund the present value of the interest of primary life tenants and the temporary value of the contingent interests of the surviving life tenants, as the latter are subject to a final revaluation upon the death of the primary life tenants. In the instant case it would obviously be unfair to the State and to the estate to value the vested remainders by deducting from the fund the present value of the interests of the primary life tenants and the present temporary value of the contingent surviving life estates. These latter interests must be revalued at a future date and the amount that the three brothers will take as remaindermen under the will of the decedent depends upon the length of time the primary life tenants enjoy their income and the expectancy of life of the respective secondary life tenants at the time when they come into actual enjoyment of their interests. Likewise, the amount that the remaindermen will take will be increased if the surviving life tenants predecease the primary life tenant and thus never come into the enjoyment of their secondary life estates. In other words, since it is impossible to presently compute the value of the surviving life estates it is also impossible to compute at this time the value of the remainder interests. Though the remainders in question are legally vested they are, nevertheless, subject to conditions and contingencies. Section 230 of the Tax Law provides as follows: " When property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies or conditions whereby they *may be wholly or in part created, defeated, extended or abridged*, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions,

would be possible under the provisions of this article, *which tax shall be computed on the full, undiminished value of such property at the time of the transfer without deduction for or on account of any intervening estate or interest.*" This provision of section 230 does not attempt to differentiate between interests that are vested and interests that are contingent according to canons of construction. It includes within its terms the interests of any transferees when these interests may be *extended or abridged.* I have shown that the interests of the remaindermen in the instant case may be "*extended or abridged*" upon the happening of certain conditions or contingencies. The decision of the Supreme Court of Illinois in *People* v. *Hulburd* (327 Ill. 72) is interesting as bearing upon the method of taxing remainder interests. That court, although under a state of facts differing from those in the instant case, construed section 25 of the Inheritance Tax Act of Illinois, which is identical with the exception of one unimportant phrase with the above-quoted provision of section 230 of our Tax Law. Judge De Young in his opinion says: " The determining factor in ascertaining the amount of the inheritance taxes is not that death, alone, can terminate the interest of a beneficiary, but whether there is a contingency which may change the portions the several beneficiaries will receive. Section 25 in effect requires that any estate which depends upon a condition or contingency, whether the estate is vested or contingent, shall be governed by its provisions in levying inheritance taxes. The section applies to vested estates when they are liable to be defeated, extended or abridged by the conditions or contingencies created by a will." The present system of fixing a tax on all remainders is so well established by law and authority (*Matter of Cole*, 235 N. Y. 48; *Matter of Parker*, 226 id. 260) that the application of the executor here to entirely suspend taxation on the remainder must be denied. To presently and temporarily tax the remainder interests at their full undiminished value will work no hardship to the estate. As is pointed out by Mr. Justice Proskauer, writing for the Appellate Division in *Matter of Hecht* (*supra*): " No property right is invaded by this scheme of taxation. Viewed as an entity, the estate is not harmed because in effect it merely deposits security for the tax. The life tenant is not harmed because she does not lose the income by premature payment of the tax, but is safeguarded in her enjoyment of that income by the provisions of section 241. The remainderman loses an advantage that he had before the amendment, but is deprived of nothing to which he is entitled." The same applies to the transferees in the present case. The policy of taxing the full undiminished value of remainders, whether vested or contingent,

has once more been sustained by the decision of the Appellate Division, First Department, in *Matter of Wysong* (130 Misc. 298; affd., 223 App. Div. 407). Although the court divided three to two in affirmance, the prevailing opinion followed the immediate prior decisions in *Matter of Hecht (supra)*, *Matter of Simonson (supra)* and *Matter of Aronstein (supra)*. The dissenting opinion apparently overlooks the underlying reasons for the temporary taxation of remainders subject to extension or abridgment through contingencies set forth in the will. I have shown above that the dominant purpose of the State, in its legislation, is to obtain the immediate deposit of the highest possible tax that may ultimately be assessed when the remainder interests are finally established. The dissenting opinion refers to a " suspension of the tax." There is no element of suspension when used with reference to the aggregate size of the transfer. The law inevitably, and without exception, taxes the contingent remainder at its full undiminished value which is absolute and subject to no fluctuation. But the persons to whom the transfer may ultimately pass, by reason of the statutory classification, based upon the relationship of the beneficiaries, may be subjected to a lesser or higher rate of tax or to no tax at all because of the exemptions to charities or other persons. The dissenting opinion is subject to further possible misunderstanding by reason of the characterization of the remainder in the Wysong will as being " vested subject only to be divested." All remainders are either vested or contingent, and the word " vested," used with respect to remainders, should be limited to an absolute vesting in interest as of the date of the testator's death. A remainder which is " vested subject only to be divested " is unquestionably contingent. The impossibility of presently determining the person to whom such remainder will go fixes its contingent nature and there is neither support in the Tax Law nor any rule of justice for the imposition of a tax, present and absolute, against a transfer to a person who presently answers the description of a contingent remainderman but who, under the very contingencies imposed by the will, may never obtain a benefit. In the instant case the remaindermen are definitely known at this time, but since their interests are subject to conditions and contingencies these remainder interests must be presently and temporarily taxed at their full undiminished value. Submit order on notice in accordance with this decision.