In the Matter of the Estate of CHARLES GARFIEL, Deceased.

Surrogate's Court, New York County, June 7, 1929.

*Samuel Hellinger*, for the estate.

*Charles A. Curtin*, for State Tax Commission.

FOLEY, S. This is an appeal by the executors and trustees, and by Marie Garfiel, Theodore Garfiel and Evelyn G. Kadushin, individually, from the report of the transfer tax appraiser and the order entered thereon upon the following grounds: (1) That included among the taxable assets are sums of money, received after the death of the decedent, which represent assets otherwise reported and taxed; (2) that the transfer tax appraiser erroneously reported as taxable against the trustees, for the benefit of Theodore Garfiel, a contingent surviving life estate in the entire residue, and that the tax assessed thereon is excessive; (3) that the present value of the contingent surviving life estates should be computed as of the date of appraisal, and not as of the date of the decedent's death.

The first ground of appeal is sustained. The decedent died on January 24, 1928. After his death sums of money were received by the executors in payment of interest on mortgages, rents, etc. This money was deposited in the Central Union Trust Company. The transfer tax appraiser has reported this money as taxable. The assets represented by these sums of money are otherwise reported in the transfer tax schedules, with the exception of seventeen dollars and fifty cents received as a dividend on Freeport Texas stock. The Central Union Trust Company has also submitted a certificate showing the true balance to the credit of the decedent at the date of his death. This schedule may be accordingly corrected.

The second ground of appeal is sustained. By his will the testator established a trust of his residuary estate, the income payable to his wife, Marie Garfiel, during her life, and, after her death, the income payable in equal shares to his children, Evelyn G. Kadushin and Theodore Garfiel, until he or she should reach the age of forty years, at which time the principal of each share is· to be paid to the respective children. Further distributive provisions are made which are immaterial to this proceeding, with the exception of paragraph " eleventh," which provides in part as follows: " In case of the death of either one of my children before such child shall be entitled to its share of the principal of said fund the interest of such deceased child shall descend to the issue of such deceased child, and shall be paid as soon as practicable; but if either one of my children shall die without lawful issue the income from the share of said deceased child, and the principal thereof, shall be paid to the survivor of my children in the same manner, and at the same time, as the surviving child's own interest in my estate is paid." The widow and two children survived the testator. The taxing order has assessed against the widow a tax

upon the present value of her primary life estate in the residue. This is concededly correct. It has further assessed against the trustees, for the benefit of Theodore Garfiel, a tax upon a contingent temporary surviving life estate until age forty years in the entire residue. It assessed against the trustees, for the benefit of Evelyn Kadushin, a tax upon a contingent temporary surviving life estate until age forty in one-half of the residuary estate. The full undiminished remainder is taxed against the trustees for the benefit of persons of the one per cent class on the theory that it may vest in Theodore Garfiel. It is also conceded that the remainder is taxed upon the proper theory.

In fixing the temporary tax upon the contingent surviving life estates, the appraiser has assumed that Evelyn Kadushin, the older of the two children, would die before reaching the age of forty, and that the income from the entire residue would thereafter be payable to her brother, Theodore Garfiel, until he should arrive at that age. This assumption cannot be upheld. It was evidently made under the clause of the will in paragraph " eleventh " above quoted. The limitation contained in clause " eleventh " that, if either of the children should die before he became entitled to the principal of his share of the fund, that share should be continued in further trust for the other child, might suspend the absolute power of alienation of such fund beyond two lives in being, and in such case its validity could not be upheld. The appraiser has erroneously made this assumption.

From the language of the will it appears that the highest possible tax will be arrived at by taxing against the widow the present value of her life estate in the residue, and taxing against the trustees for the benefit of Theodore Garfiel a contingent temporary surviving life estate in one-half of that fund, and, for the benefit of Evelyn Kadushin, a contingent temporary surviving life estate in the other half. The appraiser has properly reported the remainder taxable at its full undiminished value as though it may vest in Theodore Garfiel.

The third ground of appeal is sustained. The present value of the contingent temporary surviving life estates should be computed as of the date of appraisal and not as of the date of death of the decedent. (*Matter of Hosford*, 129 Misc. 825.)

Submit order, on notice, remitting the report to the appraiser for correction in accordance with this decision.