## In the Matter of the Estate of JAMES S. WATERMAN, Deceased.

Surrogate's Court, Kings County, November 30, 1931.

*Harry M. Peyser*, for the State Tax Commission.

*Brower, Brower & Brower*, for the estate.

WINGATE, S. The testamentary provisions in question are contained in the 13th item of the testator's will. Their effect is to erect a single trust of the remainder of the estate, measured by the lives of his sisters Charlotte Scott and Abby L. Waterman, the income, during the continuance of the trust, to be distributed in equal shares among the two named sisters and another sister, Helen J. Waterman, and their survivor or survivors. On the termination of the two measuring lives, the remainder is given, $30,000 to Helen J. Waterman if then living; $35,000 to the Hospital of the Holy Family; and the balance, three-quarters to a nephew, Hyland P. Rice, and a quarter to another nephew, Robert W. Rice.

The applicable law is found in the amendment to section 230 of the Tax Law, contained in chapter 144 of the Laws of 1925, the

subsequent amendment to this section, contained in chapter 549 of the Laws of 1928, being presently immaterial.

The particularly pertinent portion of the statute is to the effect that where property is transferred in trust or otherwise, the estates of the transferees being dependent upon conditions, a temporary tax at the highest possible rate shall be computed on the full undiminished value of the property, without deduction for any intervening estate.

The theory of this tax has been frequently stated, and is to the effect that where the value of any estate is presently undeterminable a deposit shall be made with the State Tax Commission, sufficient to cover all sums which would be payable to the State in the event the contingency most favorable to it occurred, and that upon the happening of the controlling event, the amount actually due, as a result of the contingency which has transpired, shall be determined, and any overplus repaid to the estate. (*Matter of Parker*, 226 N. Y. 260; *Matter of Hecht*, 219 App. Div. 656; affd., 246 N. Y. 601.)

The sole question here presented is, therefore, whether any contingency exists within the contemplation of the statute. This in turn depends on whether the terms of the present will erect successive life estates. If such is the case, it is obvious that a contingency exists and that the value of the second life estate is not presently determinable. (*Matter of Roosevelt*, 143 N. Y. 120, 123; *Matter of Hoffman*, Id. 327, 333.)

It is the contention of the respondent that no contingency exists for the reason that the entire legal estate ends with the termination of the two measuring lives. This, however, overlooks the fact that a beneficial interest will inevitably be transferred to a surviving sister whose life is one of the measuring lives, upon the death of the other.

Eliminating from present consideration the beneficial interest of Helen J. Waterman, the situation is no different from that which would have existed had the testator erected two distinct trusts in aliquot parts of the residue, the one for Charlotte Scott and the other for Abby L. Waterman, with cross remainder life estates. Obviously, under such circumstances, the successor contingent life estates which would have been established would have been within the exact terminology of the statute. (*Matter of Garfiel*, 138 Misc. 509; *Matter of Hosford*, 129 id. 825; *Matter of Schinasi*, 139 id. 441; *Matter of Sperling*, 133 id. 834.) In all such cases the valuation of the secondary life estate must be postponed until the termination of the prior one, since the second life estate is a contingent life estate, which may never come into being.

In the case at bar each of the sisters whose life constitutes a measuring life is presently vested with an equitable estate in one-third of the income of the trust. She is also entitled to a contingent successor life estate in each of the other thirds, dependent on her survivorship of her sisters, respectively. These conditional estates are directly within the provisions of section 230 of the Tax Law (as amd. by Laws of 1925, chap. 144). In consequence, the determination of the appraiser is erroneous and must be reversed and the report remitted to him for further action in accordance with this opinion.

Proceed accordingly.