In the Matter of the Estate of WILLIAM J. THOMPSON, Deceased.

Surrogate's Court, Bronx County, June 7, 1933.

*Lawrence E. French* [*Theodore Siskind* of counsel], for the petitioner.

*Edgar Hirschberg,* for the State Tax Commission.

HENDERSON, S. The testator died on June 24, 1927, and the trustee under his will seeks " a modifying order assessing the tax on the vested remainder interest of the testator's niece."

Two orders have heretofore been entered fixing the transfer tax herein. The later order dealt with additional assets only. In each the contingent transfer of the remainder of the testamentary trust was temporarily taxed at the highest possible rate. (Tax Law, § 230.)

A trust of the residuary estate was created under the will whereby the net income was payable to the widow during her lifetime and at her death the remainder was payable in equal shares to decedent's sister and niece, contingent upon both surviving the widow. The testator later provided, however, that if one of the contingent remaindermen should die before the termination of the trust, the entire remainder should be delivered to the survivor. No provision was made for the possible event that the survivor might also predecease the widow, who is still living.

The sister died on May 4, 1932, and the remainder then became absolutely vested in the surviving niece. No question would arise if this were the usual case in which a contingent transfer has become absolute by the death of the person whose life measured the trust, and the remainderman, then definitely identified, has become entitled to immediate possession. In the present instance, however, the identity of the transferee has become definite but her right to the possession and enjoyment of her remainder estate is suspended during the continuation of the trust. Her position now is exactly as if the testator, without any intervening change in the Tax Law, had died on the date of his sister's death and had left his residuary estate in trust for the life of his widow with the remainder to his niece without condition or provision for any contingency. The provisions of section 230 of the Tax Law whereby the tax on contingent transfers is temporarily imposed at the highest rate, were enacted to insure — not delay — the payment of the tax when finally assessed. Prompt payment thereof was sought by the subsequent provisions of the section directing the executor or trustee immediately upon the happening of the contingency to apply for an order modifying the temporary taxing order. It has been held that "there is no difference between taxing a contingent remainder on the assessment of its present worth, with a tax payable presently, and taxing it, with a tax payable at the date of vesting, on its face value rather than its present worth. One is the exact arithmetical equivalent of the other." (*Matter of Hecht*, 219 App. Div. 656, 659; affd., 246 N. Y. 602; affd. *Salomon* v. *State Tax Commission of New York*, 278 U. S. 484). The converse must also be true. Whether or not the remainder is contingent does not affect the result. However, there is one advantage to the State if the tax is presently paid. It may use the money now instead of the arithmetical equivalent at some indefinite time in the future.

The estate of the niece is no longer contingent or defeasible, but she is prevented from coming into the beneficial enjoyment or possession thereof by the intervening life estate. The tax upon the transfer to her, however, may now be finally assessed and deter-

mined in accordance with the ultimate transfer of the property. (Tax Law, § 230.) This transfer should be evaluated by deducting from the trust principal the value of the widow's life estate at the date of the sister's death. An application may be submitted for transmissal to the Superintendent of Insurance for his certificate as to such value. (Tax Law, § 231.) Upon the filing of such certificate, an order may be submitted on notice resettling both prior orders fixing the transfer tax herein so as to amend the remainder item in each and assess the tax thereon against the vested remainderman.

Proceed accordingly.