### In the Matter of the Estate of JOHN BACSO, Deceased.

Surrogate's Court, Bronx County, December 7, 1934.

*Frederick H. Schwegler,* for the executrices.

*Edgar Hirschberg,* for the State Tax Commission.

HENDERSON, S. This is an application to modify the transfer tax order on the ground that the two trusts with contingent remainders have terminated. Each trust was to continue for five years or until the prior death of its respective beneficiary, and hence was measured by one life. The remainder vested absolutely in the beneficiary if he survived the period of years fixed by the testator. In the event of the beneficiary's prior death, the remainder was distributable among his surviving children, or, if none survived him, among the testator's remaining children.

The values of these future estates were ascertained by the appraiser in the original proceeding for the determination of the transfer tax, and the tax on each at the highest possible rate was paid on February 13, 1931, with the taxes upon the transfers then presently taxable, in accordance with the *pro forma* taxing order. There is now no intervening estate or interest, and each remainder vested, with absolute right to the possession and enjoyment thereof, in the beneficiary at the termination of the trust on August 22, 1934.

The decedent died on August 22, 1929, and the references herein to certain sections of the Tax Law are made to them as they were then in effect.

Section 222 of the Tax Law is not applicable upon the modification of a temporary tax order under section 230 of the Tax Law, where the value of a contingently transferred remainder was ascertainable at the date of the transfer or transfers thereof, although the number of persons sharing in such remainder and the value of their respective shares remain unknown until the happening of the determining contingency. Under the pertinent statute (Tax Law, § 230) the tax upon the transfer or transfers of such contingent remainder is finally fixed, after the occurrence of the contingency which determines the identity of the transferee or transferees thereof, upon the full value of such transfer or transfers at the date of transfer, plus any increment thereto, and undiminished by the value of any estate or interest intervening between the date of transfer and the happening of such contingency. I have held, however, that the value of any estate or interest intervening between the date of the absolute vesting of the contingently transferred estate and the date when the right to the possession and enjoyment thereof becomes absolute, is deductible from such full value (*Matter of Thompson,* 148 Misc. 122), but that decision is not applicable under the present circumstances

There is no interest or penalty upon a final tax so fixed unless the tax at the highest possible rate was not paid within eighteen months of the date of transfer, or delay has occurred in seeking such modification, or delay occurs in the payment of such tax where securities have been deposited or a bond given to secure such payment. (Tax Law, §§ 230, 241.)

Neither the State nor the ultimate transferee suffers any loss under the last cited statutes which provide for the refund of so much of the deposit as exceeds the final tax. The income beneficiary, however, may receive less income than if the amount of cash deposited had been invested by a diligent fiduciary. This slight inequity to the individual is more than offset by the general benefit to the people in the assurance that the final tax will be collected by the State. "Absolute safety for the State with a minimum of hardship for the life tenant" is the transfer tax statutes' dominant scheme, "which it is our duty to preserve." (*Matter of Parker*, 226 N. Y. 260, 264, 265, 266.)

The proposed order has been modified so as to finally fix the tax upon the transfer of each remainder computed upon its full undiminished value at the date of the testator's death. Order, as so modified, signed.