In the Matter of the Estate of LILLORA R. HUNGERFORD, Deceased.

Surrogate's Court, Westchester County, December 18, 1935.

*Edgar Hirschberg* [*Thomas P. McLaughlin* of counsel], for the State Tax Commission, appellant.

*Conklin & Montross* [*Joseph F. McCloy* and *M. Francis Bravman* of counsel], for the executor and trustee, respondent.

SLATER, S.   The State Tax Commission has appealed from an order of this court, made on the 18th day of April, 1935, compromising the transfer tax due from the said estate on the contingent interests therein, upon the following grounds: That in applying the formula involved pursuant to section 233 of article 10 of the Tax Law, providing for said compromise, an *error* was made in computing the tax at the lowest possible rate, since the computation as made by the estate was based on the *erroneous assumption* that several surviving temporary life estates until age twenty-one might come into existence and that the remainder interests would vest after the termination of such interests through the exercise of powers of appointment, instead of on the correct theory, as urged by the State Tax Commission, to wit, that the said computation of the lowest possible tax should be correctly computed on the theory that the remainder interests *vest* upon the deaths of the beneficiaries of the several life estates, pursuant to the terms and provisions of the decedent's last will and testament.

The decedent, a resident of Briarcliff Manor, N. Y., died on April 14, 1927.   She left a will dated July 7, 1926, admitted to probate on April 19, 1927, in which the Title Guarantee and Trust Company of New York city was named as executor and trustee.

In the report of the transfer tax appraiser the value of the gross estate was fixed at the sum of $768,110.45, subject to deductions of $134,049.20, leaving a net estate of $634,061.25.   Pursuant to said report, a *pro forma* order was made on December 3, 1929, fixing and assessing a tax of $28,575.68, of which amoun $21,601.20 represented a tax against the executor for the benefit of persons of the one per cent class, which was the highest possible tax assessable upon the transfer of five separate remainders each of the value of $124,256.01.   The taxes as fixed and assessed were thereafter duly paid to the State Tax Commission.   The tax payable upon the remainders was secured by the deposit with the State Tax Commission of guaranteed mortgage certificates in the amount of $21,700 pursuant to the provisions of section 241 of the Tax Law.   Thereafter, on notice to the State Tax Commission, the executor and trustee on April 16, 1935, applied for an order permitting it to compromise the transfer tax, theretofore temporarily assessed, upon the *contingent* interests passing

under the will of this decedent, pursuant to the provisions of chapter 711 of the Laws of 1930 (Tax Law, § 233). On April 18, 1935, an order was entered modifying the taxing order of December 3, 1929, and compromising the tax upon said remainders at the sum of $2,622.89. This order is the order involved in the present appeal.

The will directs payment of debts and funeral expenses, and then gives the residue to the executor, in trust: " To divide the same into as many equal parts as shall be sufficient to provide *one* portion for my son *William L. Canfield* now of Westfield New Jersey and *one* portion for each of his children who shall be living at the time of my death or who shall have died before me leaving lawful issue surviving me."

The will further provides for the investment of each of said equal portions and the payment over of the income during the lifetime of the respective beneficiaries. Upon the death of each of the *life beneficiaries*, the corpus of the trusts held for his or her benefit becomes vested.

The testatrix continued, however, by subdivision 7 of paragraph fourth of her will, to create certain contingencies. This paragraph reads as follows: " 7. *In case* under the foregoing provisions of this my will any portion of my estate is given outright to any person who at the time when he or she would become entitled to the possession and enjoyment of the same shall be under the age of twenty-one years then and in any such case (provided the law will permit) *I direct* my *Executor and Trustee* not to pay over transfer or convey the principal and corpus of such portion to such minor person until he or she shall reach the age of twenty-one years but to hold the same *in trust* for his or her benefit during his or her minority but in case such beneficiary shall die before reaching the age of twenty-one years the principal and corpus of such portion shall be paid over transferred and conveyed to his or her heirs next of kin devisees or legatees as the case may be in like manner as if the same had been the absolute property of such deceased beneficiary."

The question at issue upon this appeal is with respect to the theory used in computing the lowest possible tax in the order appealed from. This computation is dependent upon the intent of the testatrix as to the disposition of her property. Did she create absolute vested interests or are they contingent? To discover this intent a construction is necessary.

The attorneys for the appellant and the respondent are in agreement that there is a vesting of the remainders, the only difference being that the attorney for the appellant maintains that the

interests are *absolutely vested* with possession and enjoyment postponed, while, on the other hand, the attorneys for the respondent maintain that there is a vesting of the estate in interest, subject to being divested in the event of the death of the remaindermen before reaching the age of twenty-one years, thus creating a contingency.

The original tax was fixed and accepted by the State Tax Commission upon the theory that the values of the interests passing under the will were not presently determinable. For that reason, a deposit of ample proportions was made to cover any future tax. If there had been a vesting, the tax could have been determined at that time. By this reasoning, the State Tax Commission has assented, at the time the deposit was made, to the legal proposition that the estate was presently indeterminable. What was true then is true now. It is still indeterminable.

Decedent left her surviving a son, William L. Canfield, and four grandchildren, the children of William L. Canfield, as follows: Lillora Canfield Lohman, William C. Canfield, Irene R. Canfield and Roy T. Canfield. Both her son and her four grandchildren are still living. The grandson, Roy T. Canfield, has two children now living, namely, Eleanor M. Canfield, born April 5, 1931, and Ann Cameron Canfield, born April 28, 1934. The granddaughter, Irene R. Canfield, now Irene Canfield Harris, has one child now living, namely, Robert Theodore Harris, born December 19, 1933. Five trusts, each in the sum of $124,256.01, have been set up for the son and four grandchildren of the decedent.

A future estate is either vested or contingent. It is *vested* when there is a person in being who would have an *immediate right to the possession of the property*, on the determination of all intermediate or precedent estates. It is *contingent* while the person to whom or the event on which it is limited to take effect remains uncertain. (Real Prop. Law, § 40.)

The law recognizes three varieties of remainders, which may be differentiated as follows:

*First*, absolutely vested remainders, in which the taking by a specified individual is directed without any proviso or limitation whatsoever; *second*, contingently vested remainders or remainders " vested subject to being divested," in which the remainder is given to one person with a proviso that under certain contingencies it shall go to another; and, *third*, contingent remainders where the gift is to persons who at some future time may answer a certain general description.

In the final essence, an estate " vested subject to being divested," or " contingently vested," is really an estate subject to a condition subsequent. It is for all purposes the property of the person in whom it is vested unless and until the specified contingency occurs, which takes ownership from one person and places it in another. (*Matter of Leonard*, 143 Misc. 172, 175; *Matter of Terwilligar*, 135 id. 170, 183, 184; affd., 230 App. Div. 763.)

The tax, as originally fixed, was imposed according to old article 10 of the Tax Law. The compromise order was made pursuant to section 233 of the Tax Law, as amended by chapter 711 of the Laws of 1930. The theory of the tax is to the effect that where the value of any estate is presently indeterminable, a deposit shall be made with the State Tax Commission sufficient to cover all sums which would be payable to the State in the event the contingency most favorable to it occurred, and that, upon the happening of the controlling event, the amount actually due as a result of the contingency which has transpired, shall be determined and any overplus repaid to the estate. (*Matter of Waterman*, 142 Misc. 52.)

The sole question presented upon this appeal is, therefore, whether any contingency exists within the contemplation of the statute. (*Matter of Roosevelt*, 143 N. Y. 120, 123; *Matter of Hoffman*, Id. 327, 334.)

Subdivision 7 of paragraph fourth of the will provides that " in case such beneficiary shall die before reaching the age of twenty-one years the principal and corpus of such portion shall be paid over, transferred and conveyed to his or her heirs, next of kin, devisees or legatees as the case may be." By this language the testatrix cuts down the previous gift in fee to a gift in trust, with the income payable to the beneficiary, or accumulated for him until the age of twenty-one years, and then, *upon reaching that age*, such beneficiary to receive the principal and corpus.

The problem is not when the estate vested, but when the estate vested *absolutely*. The point of time which fixes the ascertainment of the class described and the vesting of their interests is the one to which we look in defining the class. (*Matter of Chalmers*, 264 N. Y. 239, 245.)

In *Matter of Jarvis* (152 Misc. 252, at p. 260) this court said: " The limitation over to the issue of any grandchildren dying before distribution was a limitation of a future contingent estate to such issue. On the death of any grandchild before distribution leaving issue, the share of the one so dying would immediately vest in such issue and, if there was no issue, it would go to his or her estate. (*Robert* v. *Corning*, 89 N. Y. 226; *Harris* v. *Strodl*,

132 id. 392.)  It was .not a gift limited to take effect upon an uncertain event; it was a gift which the uncertain event might chance to defeat."

In *Bowditch* v. *Ayrault* (138 N. Y. 222, 228, 229) the court said: " The general rule is acknowledged by the parties that the law favors the vesting of legacies as soon as possible after the death of the testator.  It is, however, a question of intention as to what the law really means, and while it is the inclination of courts to adopt a construction which would permit such vesting, yet they must construe the will as actually made, and not attempt to make one which may seem to them better or wiser than that made by the testator.   *   *   *

" The gift is, however, in substance to the children living at his decease, and we think it then vested, subject to being divested by the death of any child before distribution, and by the substitution of his or her descendants, if any were left."

In *New York Life Ins. & Trust Co.* v. *Winthrop* (237 N. Y. 93, 102, 103) the court said:

" The mandate is to distribute among issue, and ' in default of such issue ' among next of kin.   *   *   *   Plainly, if any had been born, their interests would have been defeasible, at least until their mother's death.   *   *   *   The very provision for the substitution of another class, the class of next of kin, is a token that survivorship was thought of as a condition of the gift.   (*Salter* v. *Drowne*, 205 N. Y. 204, 213; *Bowman* v. *Bowman*, 1899 A. C. 518, 523, 526).  No doubt, it would have been possible by appropriate words, as, for example, by words of direct gift, coupled, it may be, with other tokens of intention (*Matter of Bump*, 234 N. Y. 60), to clothe the issue, if any, with an indefeasible interest, which would have passed to their own successors in title.   *   *   *

" When we speak in this connection of the vesting of an interest, we mean, of course, a vesting that is absolute and final.  The statutory definition of vested and contingent estates sheds little light upon the problem, for an estate may be vested within the defin'tion of the statute, though defeasible by death the moment of division (*Moore* v. *Littel*, 41 N. Y. 66; *Campbell* v. *Stokes*, 142 N. Y. 23, 30; *Clowe* v. *Seavey*, 208 N. Y. 496, 502; *Doctor* v. *Hughes*, 225 N. Y. 305, 310).  The only significant distinction for the purpose now in view is between an estate that is absolute and one subject to conditions (*Matter of Curtis*, 142 N. Y. 219, 223; *Matter of Seaman*, 147 N. Y. 69, 75).

" Suvivorship being a condition, we hold that it is survivorship at the time of distribution."  (See, also, *Matter of Gates*, 239 App. Div. 666; *Matter of Ossman* v. *Von Roemer*, 221 N. Y. 381, 387.)

The case of *Whittemore* v. *Equitable Trust Co.* (250 N. Y. 298) is one of the leading cases cited in the brief of the attorney for appellant in support of his contention. It is also referred to by the attorneys for the respondent. This case does not meet the facts of the instant case. There the court, in dealing with a deed of trust, held that the children or next of kin were given a vested remainder which might be divested by the last will and testament of the settlor, but not otherwise.

I hold that the remainders are vested in interest, subject, however, to being divested upon the happening of the contingencies referred to in subdivision 7 of paragraph fourth of the will of the decedent.

The order was correctly made and is affirmed. (Tax Law, § 233.) The appeal is dismissed.

Submit order on notice in accordance herewith.